[Civ. No. 7297.   Second Appellate District, Division One.—December 24, 1930.]

THE CITY OF BEVERLY HILLS (a Municipal Corporation), Appellant, v. ARTHUR ANGER et al., Defendants; A. F. FARROW et al., Respondents.

Richard C. Waltz, City Attorney, and Hill, Morgan & Bledsoe for Appellant.

Meserve, Mumper, Hughes & Robertson and Timon E. Owens for Respondents.

CONREY, P. J.—In this action, brought to acquire land for public park purposes, it was found that respondents were the owners of a part of the land sought to be taken. This land of respondents is known in the record as parcel 10, and is a lot having a frontage of 80 feet on Palm Avenue and 150 feet on Santa Monica Boulevard in the City of Beverly Hills. By verdict of a jury the market value of parcel 10 was determined to be the sum of $18,000. Accordingly, that amount was awarded to respondents.

The plaintiff, in presenting its appeal from the judgment, contends that the court erroneously gave to the jury certain instructions, by reason whereof the jury was led to appraise at an unduly high market value the said parcel 10; in other words, that there was prejudicial error, amounting to a miscarriage of justice.

Parcel No. 10 was included within a subdivision of lands which, in the conveyances to lot purchasers, were made subject to certain restrictions designed to limit the use of the property to use for single family residences. These restrictions had not been released by any party to the records of title. Parcel No. 10 was also within territory which, by a city ordinance of December 4, 1922, had been placed within a residential zone.

The instructions to which appellant takes exception are these:

(a) "If you find from the evidence in this case that the property herein in question cannot be beneficially used or sold for single residence purposes, but that the same, by reason of change in conditions, has become usable and valuable only for income purposes, such as apartments, hotels and/or business, then you are to presume that the city council in due and proper time will so change and modify the zoning ordinances of the city of Beverly Hills covering this property that the same will be zoned for such income producing purposes."

(b) "It is not the policy of the law to so zone property or territory as to prohibit the use or the sale thereof, and the law presumes that if and when changes take place that render the property not usable or unsalable for the purposes for which the same is sold, the authorities in due and proper time will so change such zoning ordinances as to let the property be used or developed and sold for the purposes for which it can be beneficially used and sold."

(c) "If you find from the evidence in this case that the property in question, by reason of changes, if any, that have taken place since the same was conveyed by the Rodeo Land & Water Company, has ceased to be single residential property, and that the same cannot be sold for that purpose or properly used for that purpose, then and in such event you are instructed that the restrictions contained in the original deed are no longer of any force or effect."

Appellant contends that there was no evidence tending to prove any of the facts which were the assumed basis of these several instructions. However, we need not go into that question very far. Let it be assumed that there was some evidence from which the jury might have found the

facts to which the court referred in the instructions. Even so, was the law correctly stated?

■ The only duty imposed upon the jury was, to find and declare, 'as accurately as the evidence would permit, the market value of parcel 10, as of the date April 21, 1928. The existence of the restrictions to which we have referred had been proved. The fact that the land had been conveyed subject to the stated restrictions would have an influence (varying according to circumstances) upon the market value. The same observation applies to zoning ordinances. Respondents attempted to prove, by the testimony of witnesses, that parcel 10 had a high market value, partly due to a prospective or possible use for business purposes, which would require and cause a release of the existing restrictions which had confined the property to residence uses. Witnesses produced by the city testified to lower market values, and gave less weight to possible future use of the land for business purposes. It was, however, singly and only, the market value of the land as of the stated time that the jury was expected to ascertain and declare, in accordance with the evidence.

The instructions to which appellant has excepted do not have direct relation to the principal question presented to the jury. They relate to conditions, and changes in condition, of the property, which might lead to changes of legal status, which in turn, if they did occur, and if they became generally known, might tend to establish for the property a higher market value. And it could be claimed, at least with some plausibility, that on the twenty-first day of April, 1928, already the prophetic minds of dealers in real property in the City of Beverly Hills were looking forward to that happy day when the trees and shrubs on parcel 10 would give way for apartment houses, hotels and other business houses.

■ We are of the opinion that the instruction (a) was erroneous in this, that there could be no presumption of law that for the reasons stated in the instruction the city council *will* cause the said real property to be zoned for "such income producing purposes". The utmost length of this instruction should have been that in view of the supposed changes of conditions, the city council in the exercise of its discretion might modify, as indicated, its zoning ordi-

nance, and that in estimating the market value the jury might consider this possible change of the ordinance and the reasonable influence on market value, of such possibility.

The foregoing observations apply, in similar manner, to instruction (b).

■ Instruction (c) told the jury in effect that if, since the deed restrictions were placed upon parcel 10, such changes have occurred that the property cannot be sold as residential property, or properly used for that purpose, then the restrictions contained in the original deed "are no longer of any force or effect". We think that appellants are right in their claim that there is no evidence to sustain the finding assumed by this instruction, at least in this, that there is no evidence that this property could not properly be used for residential purposes. While circumstances might arise, such that equity would not aid the grantor in enforcing the restriction, it does not necessarily follow that the terms of the deed relating thereto are of no legal force or effect. (*Strong* v. *Shatto*, 45 Cal. App. 29, 37 [187 Pac. 159].) The instructions, furthermore, failed to point out any relation of the stated legal proposition, to the question of market value of the land, as of the date April 21, 1928, or at all.

■ The question remains, whether the particular instructions to which exception is taken, when read together with all of the instructions given, were, by reason of the errors assigned, so far prejudicial that they probably caused the jury to award to respondents a compensation substantially greater than otherwise would have been obtained. We are of the opinion that there was no such consequence. The jury was fairly and fully instructed upon the rules for determining market value and the rules for weighing the evidence relating thereto. Touching particularly upon the zoning ordinance and the deed restrictions, the court said:

"All zoning ordinances in the city of Beverly Hills can be repealed or modified or otherwise changed at any time by the city council of the city of Beverly Hills, subject to referendum by the people; that is, the registered voters of Beverly Hills.

"The deed restrictions placed by the Rodeo Land & Water Company against the property in question can be removed, modified or otherwise changed, at any time, by the consent

of the owners thereof, with the consent of the Rodeo Land & Water Company."

The testimony of witnesses, qualified to give opinions upon market value of this property, fixed that value at prices varying from $28,000 to $9,240. The jury was instructed that it must not "strike an average" by computation, but must decide according to the weight of the evidence in the case, and there is no reason to doubt that it endeavored to obey this instruction. An examination of the record indicates that the verdict is one which fairly represents the reasonable result of the evidence.

The judgment is affirmed.

York, J., and Hollzer, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 19, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 19, 1931.