In re Appropriation of Easement for Highway Purposes Over Property of Darrah et al.

(No. 273—Decided January 22, 1963.)

*Messrs. Summers & Wilson,* for appellees.

*Mr. Mark McElroy,* attorney general, and *Mr. James A. Reardon,* for appellant, Director of Highways.

BROWN, P. J. In 1957 the state of Ohio, Department of Highways, appropriated a portion of the appellee's land upon which was situated a residence. Thereafter, on December 19, 1961, a resolution and finding was filed by the state appropriating the remainder of the parcel.

The second and subject appropriation action was necessitated by a change of plans resulting in a relocation and enlargement of a ramp extending from the original right of way northerly to state Route No. 43.

During the course of the trial evidence was adduced showing that the area of this parcel was less than 15,000 square feet; that it was zoned Residence A; that under the existing zoning regulations no residence could be built upon a parcel containing less than 20,000 square feet. So the parcel had no lawful use under existing zoning regulations.

Thereafter the trial court, over objection, permitted the appellees' witnesses to testify as experts that within the reasonably foreseeable future in the reasonable administration of the zoning law a reclassification of the zoning classification to commercial was likely; that the highest and best use in the reasonable foreseeable future was commercial and that the fair market value of the parcel on the day of taking was therefore $19,000 to $22,000.

In charging the jury the court said:

"It is undisputed here that by that regulation and the map, which is part of it, which is in evidence, that this particular parcel was zoned as residential property. In the same zoning regulation there is a restriction which says that there shall be no dwelling used or constructed upon a parcel containing less than twenty thousand square feet in the area. The undisputed testimony here is that this parcel is somewhat less than fifteen thousand square feet. Thus, while this parcel is zoned by that regulation as residence property and thereby on the face of that regulation restricted solely to residence purpose, yet by the restriction that there be no dwelling placed on it unless it is twenty thousand square feet in area no dwelling can be placed upon it under that regulation.

"I have told you that highest and best use must be for lawful purposes. You cannot determine it on what would be an unlawful use.

"It is this court's duty to tell you the law, because he is the sole judge of the law. You apply to the facts that law. Now, if this zoning regulation had said nothing except this property was residence property and did not put the restriction of no dwelling on an area of less than twenty thousand square feet you would be restricted to determining that the highest and best lawful use of this property was for residence purposes because that is the only lawful use that then it could be put to. But the same regulation says you cannot put a dwelling on it because it is less than twenty thousand square feet, so in coming to determine the highest and best use of this property the court instructs you that it is the law in Ohio that in determining the highest and best lawful use to which this property could be put that you are to consider the testimony in this case growing out of the legal situation which the court has just explained to you as to the zoning code and in the light of the rules of law you are to consider the evidence and determine whether or not within the reasonably foreseeable future and in the reasonable administration of the zoning regulation of the Township of Brimfield there would be a reduction of the zoning classification from solely residence purposes to some lesser use, as retail business, industrial or what-not, or whether or not within the reasonable foreseeable future and in the reasonable administration of the zoning laws of the Township of Brimfield they would relax the restriction as to no dwelling on an area of less than twenty thousand square feet. You will determine from the evidence as reasonable men and women, would it have been likely in the Township of Brimfield that, had this parcel not been taken on December 19, 1961, within the reasonably foreseeable future and in the reasonable course of administration that the zoning authorities would have reduced this classification to retail or commercial use or relaxed the twenty thousand square feet restriction and in the light of that determination you will determine the highest and best use to which this property could be put and put your value upon the highest and best use to which the property could be put December 19, 1961."

In attempting to arrive at the fair market value of a parcel

of private property being taken for public use under eminent domain it is generally held that evidence of a reasonable probability of a change of zoning classification within a reasonable time may be admitted and its influence upon market value at the time of taking may be taken into account. *State Roads Commission of Maryland* v. *Warriner*, 211 Md., 480, 128 A. (2d), 248; 4 Nichols, Eminent Domain (3 Ed.), 251, Section 12.322; 1 Orgel, Valuation Under Eminent Domain (2 Ed.), 167, Section 34; *City of Beverly Hills* v. *Anger*, 110 Cal. App., 626, 294 P., 476; *Long Beach City High School Dist.* v. *Stewart*, 30 Cal. (2d), 763, 185 P. (2d), 585, 173 A. L. R., 249; *State, ex rel. State Highway Comm.*, v. *Williams* (Mo.), 289 S. W. (2d), 64; *City of Austin* v. *Cannizzo*, 153 Tex., 324, 267 S. W. (2d), 808; *Portland & Seattle Ry. Co.* v. *Ladd*, 47 Wash., 88, 91 P., 573; *In re Gibson and City of Toronto*, 28 Ont. L. Rep., 20, 11 D. L. R., 529; *Cunard* v. *Rex*, 43 Can. S. Ct., 88.

Appellant argues that this is not the law of Ohio and cites *City of Euclid* v. *Lakeshore Co.*, 102 Ohio App., 96, and Section 719.08, Revised Code, as authority for its position.

*City of Euclid* v. *Lakeshore Co., supra,* contains, in the seventh paragraph of the syllabus, the following:

"In a proceeding to determine the value of land appropriated for public purposes, the trial court should not permit evidence of speculation on what may be the legislative policy of a municipal council in the future in changing a particular zoning classification, where such evidence is considered for the purpose of fixing the value of the land taken."

We agree with this general proposition of law. Such evidence should be admitted if pertinent, and excluded, stricken or disregarded only if it is speculative or remote.

In *City of Euclid* v. *Lake Shore Co., supra,* in the opinion by Judge Skeel, it was decided that there was no evidence that within the reasonable foreseeable future in the reasonable administration of the zoning laws of the city of Euclid a reduction of the zoning classification of the property taken in these proceedings was likely to occur.

In the absence of such evidence the cases over the country are unanimous in holding that only the zoned use may be the market value basis.

We then come to a determination of the effect upon these

well-established rules of Section 719.09, Revised Code, which states:

"The assessment of compensation by a jury as provided in Section 719.08 of the Revised Code shall be in writing, signed by the jury, and shall be so made that the amount payable to the owners of each lot or parcel of land may be ascertained.

"In arriving at such assessment of compensation for such lot or parcel, any use or occupancy which is in violation of any statute or ordinance, shall be excluded from consideration in determining fair market value."

Since the immediate prospect of zoning change to the advantage of the property is material in determining its value upon the day of taking, any attempt by statute to exclude this evidence or opinions based thereon is an attempt to limit the property owner's right to obtain compensation from a jury as contemplated by Section 19, Article I of the Constitution of Ohio, and by the Fifth Amendment to the Constitution of the United States.

A constitutional question arises as to what is just compensation compatible with the requirement of the Fifth Amendment to the federal Constitution and Section 19, Article I of the Ohio Constitution when prospective uses presently prohibited by zoning are arbitrarily excluded as matters to be considered in calculating fair market value on the date of taking. *United States* v. *Meadow Brook Club*, 259 F. (2d), 41.

For a similar holding that such zoning regulations cannot arbitrarily limit uses considered in determining market value read the excellent opinion in *Board of Commrs. of State Institutions* v. *Tallahassee Bank & Trust Co.* (Fla.), 108 So. (2d), 74, in which a charge similar to the one here given was approved, and in which the court said, at page 85:

"* * * we are not inclined to commend an arbitrary exercise of the policy power of one branch of government [zoning board] in order to pave the way for a less expensive exercise of the power of eminent domain by another branch to the detriment of the private property owner."

The court then held that the ordinance under the evidence was so clearly an arbitrary and unreasonable zoning restraint that the evidence would have sustained a judicial conclusion as a matter of law that the municipal official would within the fore-

seeable future liberalize the uses to which the property might be put. The court held also that the rule that the reasonable probability of change of zoning can be shown and considered "produces a conclusion consistent with the requirements of 'just compensation'" for private property taken for a public purpose under Section 12, Declaration of Rights of Florida, and thus suggests that a contrary rule would violate the constitutional provision.

This case is quoted at length and with approval in 4 Nichols on Eminent Domain (3 Ed.), 248.

Properly admitted uncontroverted evidence in this record demonstrates that a reconsideration and amendment of the zoning applicable to this parcel was certain under conditions existing on the date of taking.

In view of the foregoing, the appellant's first assigned error complaining of testimony by the appellees' witnesses as to the commercial value of the land in question is not well taken.

The appellant's remaining assignment of error concerned the testimony of witness Earl Wertenberger. Wertenberger was a member of the Brimfield Zoning Board. We have examined his testimony and find none of it prejudicial.

After an examination of the entire record this court is of the opinion that substantial justice has been done the party complaining.

The judgment below is affirmed.

*Judgment affirmed.*

DONAHUE and FRANCE, JJ., concur.