MASHETER, DIR. OF HIGHWAYS, APPELLEE, *v.* WOOD ET AL., APPELLANTS.

(No. 73-28—Decided December 26, 1973.)

*Mr. William J. Brown,* attorney general, *Mr. Donald J. Guittar* and *Mr. A. David Nichols,* for appellee.

*Santen, Santen & Hughes Co., L. P. A.,* and *Mr. William B. Singer,* for appellants.

CORRIGAN, J. The issue presented by this appeal is whether the admission of opinion testimony of expert appraisal witnesses, averring the reasonable probability of a zoning change to a higher use classification, is competent and admissible in a land appropriation proceeding. We hold that it is not.

The rule of valuation in land appropriation proceedings in Ohio is not based upon "what the property is worth for any particular use but what it is worth generally for any and all uses for which it might be suitable, including the most valuable uses to which it can reasonably and practically be adapted." Paragraph three of the syllabus in *Sowers* v. *Schaeffer* (1951), 155 Ohio St. 454.

This rule was subsequently enlarged in paragraph one of the syllabus in *Board of County Commrs.* v. *Thormyer* (1959), 169 Ohio St. 291, to include "the most valuable uses to which the land can *lawfully,* reasonably and practically be adapted." (Emphasis added.)

This addition to the rule would seem to exclude uses, which are prohibited by zoning regulations, from consideration in determining the highest and best use to which land may be adapted.

However, the rule for determining market value requires that " '* * * each case must be considered in the light of its own facts, and every element that can fairly enter into the question of value, and which an ordinarily prudent business man would consider before forming judgment in making a purchase * * *.' " *Masheter* v. *Hoffman* (1973), 34 Ohio St. 2d 213, 221 (citing 29A Corpus Juris Secundum 554, Section 136[5]).

The courts of Ohio have generally held that proof of the probability of rezoning, by the opinion testimony of an expert witness as to what may be the policy of a municipal

council, constitutes speculation as to future legislative action and is incompetent. *Euclid* v. *Lakeshore Co.* (1956), 102 Ohio App. 96; *Bd. of Edn.* v. *Graham* (1968), 15 Ohio App. 2d 196; *Masheter* v. *Mariemont* (1971), 36 Ohio App. 2d 78.

An expert witness may testify as to those factors within his particular knowledge and expertise which would indicate the likelihood of a zoning change, such as a change in land use in the area, prior rezoning activities, or sales prices of comparable properties which are higher than their present use would justify. However, he may not give his opinion as to the probability of a zoning change. Such an opinion constitutes speculation upon the probability of future decisions of a zoning board or a legislative body. Therefore, such expert may not testify as to his opinion upon the probability of a zoning change.

We hold that the Court of Common Pleas should have excluded the opinion testimony of appellants' expert witnesses, averring an imminent change in the zoning of appellants' property.

Therefore, the judgment of the Court of Appeals, reversing the judgment of the Court of Common Pleas, is affirmed, and the cause is remanded to the Court of Common Pleas, for further proceedings in accordance with this decision.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, STERN, CELEBREZZE and W. BROWN, JJ., concur.

PAUL W. BROWN, J., dissenting. The majority opinion holds that fair market value in a condemnation proceeding must be determined by the trier of the facts only as to those uses (*i. e.*, highest and best use) permitted by the controlling zoning ordinance. I am concerned that the exclusion of expert opinion as to the reasonable probability of zoning change may be construed to mean that the testi-

mony of an expert witness concerning the value of real property might be excluded if it appears that the witness, in assessing the value of the property, considered the likelihood of reclassification to a higher and more valuable use.

A serious question arises as to what is just compensation compatible with the requirement of the Fifth Amendment to the United States Constitution and Section 19, Article I of the Ohio Constitution, where prospective uses presently prohibited by zoning are arbitrarily excluded as matters to be considered in calculating fair market value on the date of taking. *United States* v. *Meadow Brook Club* (1958), 259 F. 2d 41.

For a similar holding that zoning regulations cannot arbitrarily limit uses considered in determining market value read the excellent opinion in *Board of Commrs.* v. *Tallahassee Bank & Trust Co.* (Fla. 1959), 108 S. 2d 74, 85, in which the court said:

"* * *we are not inclined to commend an arbitrary exercise of the policy power by one branch of government (municipality) in order to pave the way for a less expensive exercise of the power of eminent domain by another branch to the detriment of the private property owner. * * *"

Since the inquiry in appropriation matters is value, evidence of which turns in large degree upon expert opinion, it seems most important that we not designate considerations of prospective use as speculative as a matter of law.

The trial courts should be the initial linedrawers who determine upon familiar tests the point at which evidence and proper opinion cease and impermissible speculation commences.

Noteworthy is the case of *State Roads Comm.* v. *Warriner* (1956), 211 Md. 480, 128 A. 2d 248, wherein the court held:

"* * * evidence of a reasonable probability of a change in zoning classification within a reasonable time may prop-

erly be admitted in condemnation cases, and its influence upon market value at the time of the taking may be taken into account."

See, also, 4 Nichols, Eminent Domain (3 Ed.), 251, Section 12.322; 1 Orgel, Valuation Under Eminent Domain (2 Ed.), 167, Section 34; *Beverly Hills* v. *Anger* (1930), 110 Cal. App. 626, 294 P. 476; *Long Beach City High School Dist.* v. *Stewart* (1947), 30 Cal. 2d 763, 185 P. 2d 585; *State, ex rel. State Highway Comm.*, v. *Williams* (Mo. 1956), 289 S. W. 2d 64; *Austin* v. *Cannizzo* (1954), 153 Tex. 324, 267 S. W. 2d 808; *Portland & Seattle Ry. Co.* v. *Ladd* (1907), 47 Wash. 88, 91 P. 573; *Cunard* v. *Rex* (1910), 43 Can. S. Ct. 88.

I would reverse the judgment of the Court of Appeals and hold that on the facts of this case, where the evidence in an eminent domain proceeding shows that the roadway upon which the subject property abutted had in recent years been widened from two to four lanes, that the vicinity of the subject property had undergone a profound and substantial change of use pattern from rural and residential use to highly developed commercial uses, and that several recent sales of property in the vicinity had been made at inflated prices due to the expectation of zone changes, it was not error for the trial court to admit the opinions of expert real estate appraisers that the highest and best use of the subject property was commercial rather than residential, that in the ordinary course of events, absent the impending appropriation of the property for highway purposes, the subject property would be rezoned commercial, and that a willing purchaser would value the subject property for a commercial, rather than a residential, use, and would be willing to pay a correspondingly higher price for the property.