MASHETER, DIR. OF HIGHWAYS, APPELLANT, *v.* KEBE ET AL., APPELLEES.

[Cite as Masheter v. Kebe (1976), 49 Ohio St. 2d 148.]

(No. 75-1038—December 30, 1976.)

*Mr. William J. Brown*, attorney general, *Mr. Donald J. Guittar, Mr. Alan M. Wolk, Mr. Eugene P. Krent* and *Mr. Daniel P. Ruggiero*, for appellant.

*Messrs. Merkel, Campbell, Dill & Zetzer, Mr. Michael T. Gavin* and *Mr. Eli Manos*, for appellees.

CORRIGAN, J.

*I A.*

There are two points of dispute for our resolution in

this appeal. As asserted by appellant, the first is as follows:

"In an approriation proceeding an expert witness may not testify to a highest and best use that is not allowable under the existing zoning regulations."

In support of this declared proposition of law, appellant cites the decisions of this court in *Masheter* v. *Wood* (1973), 36 Ohio St. 2d 175, and *Bd. of County Commrs.* v. *Thormyer* (1959), 169 Ohio St. 291, together with several appellate decisions.

Such reliance is misconceived. In *Masheter* v. *Wood, supra,* we decided a single issue in connection with the opinion testimony of expert appraisal witnesses in a land appropriation trial. That decision is unequivocally stated in the syllabus, and holds that such opinion testimony of an expert appraisal witness as to the reasonable probability of a zoning change to a higher and more valuable use classification is not competent, for the reason that such testimony constitutes speculation as to future administrative or legislative action.

The syllabus of a decision of this court states the law of Ohio, but the pronouncement must be interpreted with reference to the facts and questions involved in that case. *Williamson Heater Co.* v. *Radich* (1934), 128 Ohio St. 124. Only that which is stated in a syllabus or in a *per curiam* opinion represents a pronouncement of the law of Ohio by this court. *State, ex rel. Canada,* v. *Phillips* (1958), 168 Ohio St. 191.

Obviously, *Masheter* v. *Wood, supra* (36 Ohio St. 2d 175), does not support appellant's first proposition of law.

The second citation, *Bd. of County Commrs.* v. *Thormyer, supra* (169 Ohio St. 291), is also ineptly posited as supportive of the first proposition of law. That case involved an eminent domain proceeding to take certain land that was held under a deed containing restrictions against using the land except for a children's home and against selling it. The scholarly opinion by Taft, J. (later Chief Justice) was directed solely to the question presented

therein, namely: Where land held under a deed providing for restrictions as to its use is taken pursuant to the exercise of the power of eminent domain, what consideration is to be given such restrictions in valuing the property taken? That is the chief issue in *Thormyer*. The only other question of law related to the trial court's charge. So, the fact situation is totally unlike that in the instant case.

Paragraph one of the syllabus in *Thormyer* reads:

"In determining the value of land in an appropriation proceeding, the question to be determined is the worth of the property for any and all uses for which it may be suitable, including the most valuable uses to which the land can lawfully, reasonably and practically be adapted."

That paragraph of the syllabus applies to the facts in that case. Thus, this court decided, *inter alia*, that under the facts in *Thormyer*, the restrictions imposed by the deed may be lawfully disregarded in a land appropriation case.

Therefore, *Thormyer*, too, fails to support appellant's first proposition of law.

### I B.

Where a parcel of land is taken by eminent domain, the measure of compensation to be awarded the owner is the price which would be agreed upon at a voluntary sale between an owner willing but not required to sell and a purchaser willing but not required to buy, when both are fully aware and informed of all circumstances involving the value and use of the particular property. In other words, the test is the fair market value of the land at the time of the taking.

The rule of valuation in a land appropriation proceeding is not what the property is worth for any particular use, but what it is worth generally for any and all uses for which it can reasonably and practically be adapted. *Sowers v. Schaeffer* (1951), 155 Ohio St. 454.

The take area in this case is zoned for single-family residences under a comprehensive zoning ordinance adopted by Westlake in the early 1950's. When the zoning code was amended in 1970, Westlake notified the Director of

Highways that, pursuant to R. C. 5511.01, it would not rezone the 16.10 acre area to be taken for Interstate 90. The rest of Mr. Kebe's property, 21.43 acres, was rezoned for interchange services in 1970, except for that small portion which was rezoned for multi-family. The zoning circumjacent to the Kebe 37.53 acre tract is multi-family, light industry or commercial.

At trial, two professional appraisal witnesses testified for the property owner. The first, Mr. Van Curen, gave his opinion that the highest and best use of the property taken and the logical and natural use of it, assuming it was not taken for highway purposes, was for multi-family or apartment use. It was his further opinion that the value of the property was $242,000 and that the property owner should be compensated in that amount. Mr. Smith, the second appraisal witness for the property owner, likewise was of the opinion that the highest and best use of the subject property was for apartment building use, and, in his further opinion, the property owner should be compensated in the amount of $249,050. The jury returned a verdict in the amount of $210,000.

The admission of such testimony from these two witnesses was perfectly proper and lawful under *Sowers* v. *Schaeffer, supra* (155 Ohio St. 454), and the verdict and judgment will not be disturbed. Accordingly, appellant's first proposition of law is rejected.

### II.

Proposition of law No. 2 advanced by appellant reads, as follows:

"Evidence of the value of property for a use which is not permitted under existing zoning is inadmissible in an appropriation proceeding. Property must be evaluated under the restrictions of the existing zoning regulations with consideration given to the impact upon the market value in the likelihood of a change in zoning. (*Masheter* v. *Wood* [1973], 36 Ohio St. 2d 175, approved and followed.)"

The approval by appellant of our holding in *Masheter*

v. *Wood, supra*, is heartening. However, the proposition of law urged does not follow the rule of law laid down in the syllabus of *Masheter*. We have discussed this rule in Part I A of this opinion, and appellant's second proposition of law is, therefore, rejected.

Although existing zoning restrictions necessarily constitute an important factor for the appraisal witnesses to consider in connection with the market value of the land, it must be recognized that, as a practical matter, the existing zoning regulation does not and may not control that market value of the property involved. If, in the opinion of an expert appraisal witness, an informed, willing purchaser would be presently agreeable to pay more than an amount justified under existing zoning, such evidence is admissible because it reflects upon the the fair market value of the property.

The judgment of the Court of Appeals is, therefore, affirmed.

*Judgment affirmed.*

HERBERT, STILLMAN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

O'NEILL, C. J., dissents.

STILLMAN, J., of the Eighth Appellate District, sitting for STERN, J.

O'NEILL, C. J., dissenting. When land within 300 feet of the certified center line of a state highway is being acquired by appropriation by the state for highway use, the value of that land is its worth for the use for which it is zoned.

The controlling law in the instant case, in my opinion, is stated in R. C. 5511.01. That statute establishes the public policy of this state to be that once the Director of Transportation, after public notice and hearing, has certified the center line of a proposed new highway or a change in an existing highway, with regard to the land located 300 feet on either side of the center line of the proposed highway, there

shall be no zoning change or subdivision plat change, or granting of a permit for land use, or the erection, alteration or moving of a building, for 120 days to give the director time to acquire any of that land needed for the construction of the highway by purchase or gift or by initiating proceedings to appropriate.

One result of the policy established by R. C. 5511.01 is to prohibit the land within 300 feet of the certified center line of a state highway which is to be acquired for highway purposes from being increased, or diminished in value by changes with regard to its use or condition after the public, including the landowner, has been made aware that the land is to be acquired.

There is no reason for the General Assembly to prohibit a zoning change during this period of time except for the purpose of requiring such land to be valued at its worth for the use for which it is lawfully zoned at the time of the take. The holding of the majority that the value of the land located 300 feet on either side of the certified highway center line is its "worth generally for any and all uses for which it might be suitable, including the most valuable uses to which it can reasonably and practically be adapted," rather than its worth for its zoned use, renders meaningless the provisions of R. C. 5511.01 which prohibit a zoning change for 120 days after the certification of the center line to give the director time to initiate appropriation proceedings.

The majority opinion relies upon the rule stated in the third paragraph of the syllabus of *Sowers, Supt.,* v. *Schaeffer* (1951), 155 Ohio St. 454, 99 N. E. 2d 313. The difficulty with that position is that R. C. 5511.01 was amended, effective November 14, 1967. The rule in *Sowers, supra,* decided in 1951, is no longer controlling as to zoning since the 1967 amendment. The conclusion of the majority ignores the provisions of R. C. 5511.01.