PORTER ET AL., APPELLANTS, *v.* CUYAHOGA COUNTY BOARD OF REVISION, APPELLEE.

(No. 76-845—Decided June 29, 1977.)

308

*Messrs. Forrester & Kovanda, Mr. John E. Forrester* and *Mr. Ralph D. Kovanda,* for appellants.

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. Timothy J. Armstrong,* for appellee.

SWEENEY, J. The basic issue in the instant cause concerns the appropriate factors to be considered in the valuation of real property for tax assessment purposes where the land in question is zoned for less profitable uses as compared with neighboring lands zoned for more profitable uses.[4]

---

[4]This cause is limited to tax assessment proceedings only, and does not affect prior eminent domain cases discussing the appropriateness of future zoning as a factor to be considered in valuing property.

Section 2, Article XII of the Ohio Constitution, directs that "land * * * shall be taxed by uniform rule according to value." The term "value" as used in this constitutional provision has been defined as the amount at which property could be sold to a willing buyer by a willing seller on the open market. *State, ex rel. Park Investment Co.,* v. *Bd. of Tax Appeals* (1964), 175 Ohio St. 410, 412. In determining this amount, this court has held on several occasions that, for tax assessment purposes, all facts and circumstances which may affect the value of property must be taken into consideration. *American Steel & Wire Co. of New Jersey* v. *Bd. of Revision* (1942), 139 Ohio St. 388, 392; paragraph one of the syllabus in *B. F. Keith Columbus Co.* v. *Bd. of Revision* (1947), 148 Ohio St. 253.

Likewise, the General Assembly has provided in R. C. 5715.01 that the Commissioner of Tax Equalization " * * * shall adopt, prescribe, and promulgate rules for the determination of true value and taxable value of real property by uniform rule * * *. The rules shall provide that in determining the true value of lands or improvements thereon for tax purposes, all facts and circumstances relating to the value of the property, its availability for the purposes for which it is constructed or being used, its obsolete character, if any, the income capacity of the property, if any, and any other factor that tends to prove its true value shall be used."

Despite the fact that in Ohio taxing authorities must consider all factors affecting the value of property, this court has stated that "[n]either the glories of the past nor the dreams of the future should befog the issue in the valuation of Ohio real estate. The test is single—its present true value in money." *Fiddler* v. *Bd. of Tax Appeals* (1942), 140 Ohio St. 34, 37. Thus, not every conceivable factor affecting present market value will be sufficiently relevant to merit consideration, and this court will remand decisions made by the Board of Tax Appeals it finds to be unreasonable. *B. F. Keith Columbus Co.* v. *Bd. of Revision, supra.*

---

⁶Given the circumstances of that case, this court held that corner influence was an unreasonable market factor to be considered in estimating the value of the land.

In the instant cause, this court must decide whether it was reasonable for the Board of Tax Appeals to consider the appraisal of appellee in establishing the present true market value of the property, given the fact that the city's appraiser treated the property in question as if it were already zoned for its highest and best use (which in his opinion was a modified U-7 zoning classification), despite the fact that as of January 1, 1974, 3.04 acres of the property were still zoned U-1 A-1.

Although the question concerning future zoning as a proper factor in determining the value of property for tax assessment purposes is of first impression in this state, this court held in *State, ex rel. Park Investment Co.,* v. *Bd. of Tax Appeals* (1972), 32 Ohio St. 2d 28, that, pursuant to Section 2, Article XII of the Ohio Constitution, valuations of property cannot be limited to considerations of current use only, since other factors comprising market value such as ''location and speculative value'' are excluded.

Since the proper method of valuation in Ohio is based on the fair market value that the assessed real property would bring if sold on the open market, evidence of potential uses of the land under future zoning laws cannot be *completely* proscribed from the valuation process in *all* cases. Because the proper test of fair market value is what a willing buyer will pay to a willing seller, the record may show in a proper case that a willing buyer will pay more for property than its current zoning classification would justify.[6] However, before the taxing authority may increase a taxpayer's assessment to reflect this willingness of buyers to speculate, the record must support such conclusion. A belief on the part of the real estate appraiser that property is more valuable than its permitted uses indicate, without market data to support such belief, is insufficient.[7]

[6]Smith, Issues and Problems in the Valuation of Real Estate, 30 N. Y. U. Inst. on Fed. Tax. 209, 213 (1972); International Association of Assessing Officers, Assessing and the Appraisal Process, 37 (2 Ed. 1968); Parvin, Market Approach to Value, in Encyclopedia of Real Estate Appraising 21, 22 (Friedman Ed. 1968).

[7]See *Hedberg & Sons Co.* v. *Hennepin* (Minn. 1975), 232 N. W. 2d

In the instant cause, appellants' appraiser, believing the highest and best use of the property to be office development under a modified U-7 zoning classification, treated the 25.76 acres as if it were already zoned for such purpose. No evidence was offered to show that in the past buyers were paying higher prices for property zoned residential in the hope of a future zoning change, or, that the city of Beachwood was rezoning property purchased for future development as a matter of course. In fact, the record shows that: (1) in sale No. 10 of appellee's appraisal report, such sale was contingent upon rezoning of the property, and (2) that the city of Beachwood refused to rezone appellants' U-1 A-1 properties to a higher permitted use until December 15, 1975, at which time it did not liberalize the density restrictions of U-7 zoning.

Therefore, it was unreasonable for the Board of Tax Appeals to consider appellee's estimate of $1,438,639.78 in making its own determination that the fair market value of the property as of January 1, 1974, was $966,000.

Appellee's estimates were based on conclusions that were not shown to be reflective of present market conditions. Although speculative value of property may be considered in a proper case, this is not that case.

This court reverses the decision of the Board of Tax Appeals and remands the cause to the board for revaluation consistent with this opinion.

*Decision reversed.*

CELEBREZZE, W. BROWN and LOCHER, JJ., concur.
O'NEILL, C. J., and HERBERT, J., concur in the judgment.
P. BROWN, J., dissents.

---

743, where, in a tax assessment appeal, the Supreme Court of Minnesota rejected the appraisal of the county's expert since he valued the property in question as if it were already zoned for its highest and best use based only on his belief that development and future favorable zoning would come to the area soon.

See, also, *Kensington Hills Development Co.* v. *Milford Township* (1968), 10 Mich. App. 368, 159 N. W. 2d 330,

O'NEILL, C. J., concurring. I concur in the judgment. This is a classic case. The owner of the property sought a zoning change to a more valuable use than that permitted under present zoning law. The local governmental authority denied the change. At the same time, the local governmental taxing authority is seeking a tax valuation which is based upon the zoning use sought by the owner and denied to him by the zoning decision.

Section 2, Article XII of the Ohio Constitution, provides that land shall be "taxed by uniform rule according to value." In *Cardinal Federal S. & L. Assn.* v. *Bd. of Revision* (1975), 44 Ohio St. 2d 13, 13, 19, 336 N. E. 2d 433, Ohio law with respect to valuation of property for tax purposes was summarized as follows:

"In determining the value of property for the purpose of taxation, the tax assessor must take into consideration *all* factors which affect the value of the property. *B. F. Keith Columbus Co.* v. *Bd. of Revision* (1947), 148 Ohio St. 253, paragraph one of the syllabus; *Western Industries* v. *Bd. of Revision* (1960), 170 Ohio St. 340, 342; *American Steel & Wire Co. of New Jersey* v. *Bd. of Revision* (1942), 139 Ohio St. 388, 392."

The question raised in the instant cause is whether the tax assessor may consider as a factor in appraising property evidence of a highest and best use, which use, under existing zoning regulations, is not lawfully permitted.

This is a case of first impression in this court. It can hardly be contended that it is fair, just or equitable for a property owner to be taxed upon a property use which is of greater value than that use which he can legally make of his property.

It is argued by the appellee that true value is market value and the test of market value is what a willing buyer is willing to pay to a willing seller. Thus the best evidence of the value of land, it has been said, is a sale price in an open market. This position is supported by the court's holding in *Masheter* v. *Kebe* (1976), 49 Ohio St. 2d 148, 359 N. E. 2d 74, that:

"If, in the opinion of an expert appraisal witness, an informed, willing purchaser would be presently agreeable to pay more than an amount justified under existing zoning, such evidence is admissible because it reflects upon the fair market value of the property."

A strong argument can be made for such rule when the issue is the amount of money to be paid by a political subdivision which is exercising its right of eminent domain over the property for a public use. Such a rule gives an advantage to the landowner who is being compelled to give up his land involuntarily to the public agency. However, the reasoning and logic behind the rule in that kind of case are not persuasive in a case where the property owner is using his land for the highest use which is lawful and is being asked by the government to pay taxes on that same land at a value based upon a more valuable use which the government itself has denied to the landowner.

In *Bd. of County Commrs.* v. *Thormyer* (1959), 169 Ohio St. 291, 159 N. E. 2d 612, an appropriation case, which was distinguished in *Masheter* v. *Kebe, supra*, the court held in paragraph one of the syllabus that:

"In determining the value of land in an appropriation proceeding, the question to be determined is the worth of the property for any and all uses for which it may be suitable, including the most valuable uses to which the land can *lawfully*, reasonably and practically be adapted." (Emphasis added.)

As noted above, there is a crucial difference between eminent domain cases and tax valuation cases. However, the principle expressed in *Thormyer* that, in determining the worth of property, uses to which the land can *lawfully* be adapted should be considered, is particularly fitting in determining the value of property for tax purposes where governmental subdivisions, by their actions, limit the uses which a property owner can make of his property and, thus, affect its value.

I concur in the judgment of the court herein. Any

other result, in my opinion, would constitute a deprivation of property without due process of law.

HERBERT, J., concurs in the foregoing concurring opinion.

PAUL W. BROWN, J., dissenting. The record contains evidence of use change of surrounding property so extensive as to suggest that the limitations of use imposed by existing zoning upon the property in question are of doubtful validity when viewed against constitutional requirements of a present connection with the police power. An owner's problem of obtaining realistic zoning is material to the question of value, but it is not determinative of the question. The central problem in the majority opinion is much like the problems in *Masheter* v. *Wood* (1973), 36 Ohio St. 2d 175, concerning which I expressed my views in a dissent and asserted that the opinion of an expert as to value of real estate must be competent even though based upon uses not permitted by existing zoning. This is true because the absence of a viable connection between existing use limitation and the police power will at times become so apparent as to affect market value.

The majority opinion weakens or overrules *Masheter* v. *Kebe* (1976), 49 Ohio St. 2d 148; it cites and disregards *American Steel & Wire Co. of New Jersey* v. *Bd. of Revision* (1942), 139 Ohio St. 388, and *B. F. Keith Columbus Co.* v. *Bd. of Revision* (1947), 148 Ohio St. 253.

The Board of Tax Appeals' decision is neither unlawful nor unreasonable.