CLEVELAND BOARD OF EDUCATION, APPELLEE, *v.* CUYAHOGA
COUNTY BOARD OF REVISION; FIRST UNION REAL ESTATE
EQUITY & MORTGAGE INVESTMENTS, APPELLANT.

FIRST UNION REAL ESTATE EQUITY & MORTGAGE INVESTMENTS,
APPELLANT, *v.* CUYAHOGA COUNTY BOARD OF REVISION;
CLEVELAND BOARD OF EDUCATION, APPELLEE.

[Cite as *Cleveland Bd. of Edn. v. Cuyahoga Cty.
Bd. of Revision* (1995), 73 Ohio St.3d 715.]

(Nos. 94–1517 and 94–1690—Submitted June
15, 1995—Decided October 11, 1995.)

716

*Armstrong, Mitchell & Damiani, Timothy J. Armstrong* and *Deborah J. Papushak,* for appellee.

*Kadish & Bender, Kevin M. Hinkel* and *David G. Lambert,* for appellant.

*Per Curiam.* We affirm the decisions of the Board of Tax Appeals.

Because there had been no recent sale of the property in question, both First Union and the board of education relied upon expert appraisers in order to establish its true value. *State ex rel. Park Invest. Co. v. Bd. of Tax Appeals* (1964), 175 Ohio St. 410, 25 O.O.2d 432, 195 N.E.2d 908.

First Union contends that the BTA erred in accepting Racek's appraisal, claiming that Racek erroneously valued the property based on its future highest and best use, rather than its current use as a parking lot. First Union contends that *Porter v. Cuyahoga Cty. Bd. of Revision* (1977), 50 Ohio St.2d 307, 4 O.O.3d 460, 364 N.E.2d 261, supports its position that its property should be valued solely on the basis of its use as a parking lot. We disagree.

In *Porter,* the county appraised all the land in question at one value, without regard to the individual zoning classification of each parcel. We held that under the facts of that case, it was unreasonable, without support in the record, to value property at more than the value a willing buyer would pay for it as zoned. In this case zoning is not an issue; however, First Union contends that because no one knows when the property will be developed, no use other than a parking lot should be considered.

In this case, as contrasted to *Porter,* there was evidence in the record that buyers were willing to pay more for parking lots in the area than their value purely as parking lots. Further, in *Porter* we stated that "pursuant to Section 2, Article XII of the Ohio Constitution, valuations of property cannot be limited to considerations of current use only, since other factors comprising market value such as 'location and speculative value' are excluded." *Id.* at 312, 4 O.O.3d at 463,

364 N.E.2d at 265. See, also, *State ex rel. Park Invest. Co. v. Bd. of Tax Appeals* (1972), 32 Ohio St.2d 28, 33, 61 O.O.2d 238, 241, 289 N.E.2d 579, 582.

The BTA thoroughly examined the testimony of both appraisers and concluded that the market comparables used by Racek were "well chosen and properly adjusted" and represented "the best evidence of value in this case." In *R.R.Z. Assoc. v. Cuyahoga Cty. Bd. of Revision* (1988), 38 Ohio St.3d 198, 201, 527 N.E.2d 874, 877, we stated that the BTA's decision on true value "is a question of fact which will be disturbed by this court only when it affirmatively appears from the record that such decision is unreasonable or unlawful," and we would "not overrule BTA findings of fact that are based upon sufficient probative evidence." *Id.* In this case the valuations by the BTA are supported by the evidence.

First Union also contends that although separate hearings were held for tax years 1990 and 1991, and the BTA issued separate decisions, the BTA failed to make an independent determination of true value for 1991. First Union contends that for 1991, the BTA did not identify the evidence relied upon in reaching this decision. We find no support for First Union's contention. The BTA reviewed the evidence and testimony for 1991 and found that the property had not changed in value since 1990.

The decisions of the BTA, being neither unreasonable nor unlawful, are hereby affirmed.

*Decisions affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and COOK, JJ., concur.

WRIGHT and PFEIFER, JJ., concur separately.

PFEIFER, J., concurring. While I agree with the majority that the record supports the Board of Tax Appeals' decision, my concurrence in no way should be interpreted as a vote of support for the "highest and best use" method of valuing property.

WRIGHT, J., concurs in the foregoing concurring opinion.