WAITE et al., Appellants,

v.

PROGRESSIVE INSURANCE COMPANY, Appellee.

[Cite as *Waite v. Progressive Ins. Co.* (1998), 128 Ohio App.3d 344.]

Court of Appeals of Ohio,
Sixth District, Huron County.

No. H–97–036.

Decided June 12, 1998.

*Murray & Murray Co., L.P.A., Michael T. Murray* and *Steven C. Bechtel,* for appellants.

*Meyers, Hentemann, Schneider & Ren, Henry A. Hentemann* and *J. Michael Creagan,* for appellee.

---

SHERCK, Judge.

This appeal comes to us from a judgment issued by the Huron County Court of Common Pleas in a declaratory judgment action regarding claims for underinsured motorist coverage. Because we conclude that appellee was entitled to summary judgment as a matter of law, we affirm.

The following facts are undisputed. On August 25, 1995, Alex Waite, the minor son of appellants, John and Diane Waite, died as the result of an automobile accident.[1] The accident was caused by the negligent operation of an insured motorist who had liability coverage limitations of $12,500 per person/$25,000 per accident. The tortfeasor's insurance company offered to pay appellants the per-

---

1. Alex's three brothers were also parties and appellants in this case.

accident maximum amount of $25,000 in settlement of all claims against their insured.

Appellants carried an automobile insurance policy with appellee, Progressive Insurance Company, which provided underinsured motorist coverage limits of $50,000 per person/$100,000 per accident with setoff provisions. When appellee refused to pay appellants' claim for $100,000 in underinsured motorist coverage, appellants brought a declaratory judgment action in the Huron County Court of Common Pleas. Appellants claimed that R.C. 3937.18, as amended by Am.Sub. S.B. No. 20,[2] is unconstitutional. Appellee filed a motion for summary judgment, which was granted by the trial court. The court concluded that *Beagle v. Walden* (1997), 78 Ohio St.3d 59, 676 N.E.2d 506, was dispositive of the issue raised. The trial court found that the coverage available to appellants under their underinsured motorist policy issued by appellee to be $50,000 minus a setoff of $25,000 as paid by the tortfeasor's insurance company.

Appellants now appeal that decision, setting forth the following two assignments of error:

"*Assignment of Error No. 1:*

"The trial court erred in not holding that S.B. 20 is unconstitutional on grounds other than violation of the 'one subject rule.'

"*Assignment of Error No. 2:*

"The trial court erred in holding that, while appellants could only recover the per person limit of underinsured motorists coverage, appellee was entitled to a set-off for the per occurrence limit of the tortfeasor's liability coverage." ·

■ Appellants are essentially arguing that the trial court erred in granting summary judgment. When reviewing the grant of summary judgment, this court must apply the same standard as the trial court. *Lorain Natl. Bank v. Saratoga Apts.* (1989), 61 Ohio App.3d 127, 129, 572 N.E.2d 198, 199–200. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). Since the facts are undisputed, our review is limited only to whether appellee is entitled to judgment as a matter of law.

I

■ Appellants, in their first assignment of error, contend that the trial court erred in failing to find R.C. 3937.18, as amended by Am.Sub.S.B. No. 20,

2. R.C. 3937.18 was amended by the enactment of Am.Sub.S.B. No. 20, 145 Ohio Laws, Part I, 204, 210.

unconstitutional on grounds other than the "one subject rule." Appellants argue specifically that Am.Sub.S.B. No. 20 violates the following constitutional provisions: limits on the amount of damages (Section 19a, Article I, Ohio Constitution); separation-of-power doctrine (Section 1, Article IV, Ohio Constitution); special privileges and immunities (Section 2, Article I, Ohio Constitution); and equal protection. Appellants claim that these constitutional issues were not decided by *Beagle v. Walden, supra.*

R.C. 3937.18(H), as amended by Am.Sub.S.B. No. 20, refers to underinsured motorist coverage; it specifically permits an insurance company to "include terms and conditions to the effect that all claims resulting from or arising out of any one person's bodily injury, including death, shall collectively be subject to the limit of the policy applicable to bodily injury, including death, sustained by one person, and for the purpose of such policy limit shall constitute a single claim. Any such policy limit shall be enforceable regardless of the number of insureds, claims made, vehicles or premiums shown in the declarations or policy, or vehicles involved in the accident."

Contrary to appellants' contentions, in *Beagle v. Walden* (1997), 78 Ohio St.3d 59, 676 N.E.2d 506, the Supreme Court of Ohio, finding Am.Sub.S.B. No. 20 to be constitutional, addressed the following arguments pertaining to Am.Sub.S.B. No. 20: the one-subject rule, separation of powers, equal protection, and privileges and immunities. On the authority of *Beagle,* this court previously found Am.Sub. S.B. No. 20 to be constitutional in a factually similar case that addressed the same arguments submitted by appellants. See *Estate of Maata* (July 25, 1997), Lucas App. No. L–96–399, unreported, 1997 WL 430841. Despite appellants' urging, we decline to now hold otherwise.[3]

Accordingly, appellants' first assignment of error is not well taken.

## II

Appellants, in their second assignment of error, argue that the trial court erred when it determined that appellants could only recover up to the per-person limits of their own policy, minus a setoff for the amount paid by the tortfeasor's insurance company.

---

3. In *Beagle,* three members of the court found Am.Sub.S.B. No. 20 to be constitutional on the very issues appellant raises before us; three justices dissented without comment. The remaining justice agreed that Am.Sub.S.B. No. 20 was not unconstitutional based upon the one-subject rule but abstained from considering the remaining issues. For a more detailed commentary on the problematic value of the *Beagle* decision, see *Ott v. Borchardt* (1998), 127 Ohio App.3d 152, 711 N.E.2d 1066.

As noted above, R.C. 3937.18 permits an insurance company to contract with its insured for underinsured motorist coverages, to limit the amounts paid on those coverages, and to offset those amounts by any payments made by the tortfeasor's insurance company. R.C. 3937.18(A)(2).

In this case, appellants' policy clearly limits their recovery under the underinsured motorist section of the policy, stating:

"The Limit for 'each person' is the maximum we will pay for bodily injury sustained by any one insured person in any one accident, and if an insured person sustains bodily injury, only the limit for 'each person' will apply to the aggregate of claims made for such bodily injury and any and all claims derived from such bodily injury including, by not limited to, loss of society, loss of companionship, loss of services, loss of consortium, and wrongful death * * * ."

The policy also clearly states that payments under this section will be reduced by any "amount paid or payable to the insured by or for any person or organization who is or may be held legally liable for the bodily injury."

In other words, appellants contracted with appellee for underinsured motorist coverage with a per-person limit of $50,000 to be set off by any payments received from the underinsured tortfeasor. Since this is precisely what the trial court awarded, we determine that appellants' argument is without merit. Therefore, we conclude that there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of appellants, reasonable minds can only conclude that appellee is entitled to judgment as a matter of law.

Accordingly, appellants' second assignment of error is not well taken.

The judgment of the Huron County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellants.

*Judgment affirmed.*

HANDWORK, P.J., and KNEPPER, J., concur.