**CLARK, Admr., Appellant,**

v.

**FORNEY et al., Appellees.**

[Cite as *Clark v. Forney* (1998), 129 Ohio App.3d 844.]

Court of Appeals of Ohio,
Sixth District, Sandusky County.

No. S–97–053.

Decided Sept. 30, 1998.

*Charles M. Murray* and *Steven C. Bechtel,* for appellant.

*James L. Schuller,* for appellee Grange Mutual Casualty Company.

SHERCK, Judge.

This is an appeal of a summary judgment granted to an insurance company by the Sandusky County Court of Common Pleas in a dispute over uninsured/underinsured motorists coverage.

Jessica Forney was killed in a single vehicle accident; she was a passenger in a car driven by Kevin Forney, an uninsured motorist. The owner of the vehicle was underinsured. Jessica's parents are divorced and she resided principally with her mother, appellant Donna Clark, who is administrator of Jessica's estate. Jessica's father, Michael Roeser, owned an insurance policy issued by appellee, Grange Mutual Casualty Company, with $100,000/$300,000 limits for uninsured/underinsured motorists coverage. This policy provided coverage against losses caused by an uninsured/underinsured motorist, " * * * for bodily injury * * *, including death, suffered by any person insured under the policy * * *." The policy further defined "insured" as the policyholder (Roeser) and any "family member." The policy defines a "family member" as a person related to the policyholder by blood, marriage or adoption, " * * * and whose principal residence is at the location shown in the Declarations." The declarations page recited Michael Roeser's Clyde, Ohio, address.

When appellee denied appellant's claim for coverage, appellant brought the suit that underlies this appeal. Following discovery, appellee moved for summary judgment asserting that Michael Roeser's daughter's principal residence was not with him. Consequently, appellee argued that she was not an insured within the language of the policy and was, therefore, outside its uninsured/underinsured motorists coverage. On this ground, the trial court granted appellee's motion. Appellant now brings this appeal.

Pursuant to Loc.App.R. 12(C), we *sua sponte* transfer this matter to our accelerated docket and, hereby, render our decision.

Citing *Holt v. Grange Mut. Cas. Co.* (1997), 79 Ohio St.3d 401, 683 N.E.2d 1080, appellant argues that the denial of coverage in this matter violates the spirit of R.C. 2125.02 which deems Michael Roeser as one who is presumed to have suffered damages by reason of his daughter's wrongful death. While conceding that this is permitted by R.C. 3937.18, appellant nevertheless argues that the statute is unconstitutional as it violates the Equal Protection Clause of the Ohio Constitution, Section 2, Article I; the constitutional prohibition against limiting tort damages, Section 19(A), Article I, Ohio Constitution; and abrogates the right to remedy found in Section 16, Article I, Ohio Constitution.

*Holt* is distinguishable as that case involved denial of coverage for the wrongful death of an insured. Here, the decedent was not an insured under the policy, but a relative of the insured. With respect to appellant's constitutional arguments,

we have already considered and rejected these arguments. *Estate of Maata v. Progressive Specialty Ins. Co.* (July 25, 1998), Lucas App. No. L–96–399, unreported, 1997 WL 430841; *Waite v. Progressive Ins. Co.* (1998), 128 Ohio App.3d 344, 714 N.E.2d 981; see, also, *Ott v. Borchardt* (1998), 127 Ohio App.3d 152, 711 N.E.2d 1066; and *Beagle v. Walden* (1997), 78 Ohio St.3d 59, 676 N.E.2d 506, concurring opinions.

Accordingly, both of appellant's assignments of error are found not well taken.

The judgment of the Sandusky County Court of Common Pleas is affirmed. Costs to appellant.

*Judgment affirmed.*

HANDWORK, P.J., and KNEPPER, J., concur.