BALL, Appellant,

v.

GUARANTY NATIONAL INSURANCE COMPANY, Appellee.

[Cite as *Ball v. Guar. Natl. Ins. Co.* (2001), 144 Ohio App.3d 145.]

Court of Appeals of Ohio,
Twelfth District, Warren County.

No. CA2000–12–104.

Decided June 4, 2001.

*Thomas G. Eagle Co., L.P.A.,* and *Thomas G. Eagle,* for appellant.

*Reminger & Reminger Co., L.P.A.,* and *Peter J. Stackpole,* for appellee.

WILLIAM W. YOUNG, Presiding Judge.

Plaintiff-appellant, Sondra Sue Ball, appeals a decision of the Warren County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Guaranty National Insurance Company. We affirm the judgment of the trial court.

Appellant was injured in an automobile accident on March 6, 1996. She filed a complaint on June 17, 1999, seeking underinsured motorist ("UIM") benefits under an automobile insurance policy with appellee. Both parties moved for summary judgment. The trial court granted summary judgment in favor of appellee, finding that appellant was not entitled to recover UIM benefits under her policy with appellee. The trial court's decision was based on the fact that the $15,000 per-person liability limits of the tortfeasor's policy exceeded the $12,500 per-person limit of appellant's UIM insurance, and after applying the setoff provisions of R.C. 3937.18, as amended by Am.Sub.S.B. No. 20, appellant was not entitled to UIM coverage. The trial court overruled appellant's motion for summary judgment in which she argued that S.B. No. 20 was unconstitutional.

In appellant's single assignment of error, she argues that the trial court erred in finding the setoff provisions of S.B. No. 20 constitutional. Appellant argues that S.B. No. 20 violates constitutional provisions guaranteeing the right to a remedy, the Equal Protection Clause, the separation of powers, and the one-subject rule. Appellee argues that the Ohio Supreme Court's decision in *Beagle v. Walden* (1997), 78 Ohio St.3d 59, 676 N.E.2d 506, disposed of these issues, and that appellate courts have routinely followed *Beagle.*

In *Beagle,* the following question was certified to the Ohio Supreme Court by the United States District Court of Ohio, Eastern Division: "Is Ohio Revised Code [Section] 3937.18(A)(2) unconstitutional on any grounds under the facts of this case, including those stated by the plaintiff[?]" In a written opinion, the court responded to the certified question, finding the statute constitutional. However, the written opinion was a plurality opinion in which four justices agreed that S.B. No. 20 did not violate the one-subject rule. On the three remaining constitutional issues, three justices found S.B. No. 20 constitutional, while one justice expressed no opinion on these issues.[1] One justice dissented from the written opinion, and two justices dissented finding the statute unconstitutional.

The Ohio Supreme Court has held that "[o]nly that what is stated in a syllabus or in a *per curiam* opinion represents a pronouncement of the law of Ohio by this court." *Masheter v. Kebe* (1976), 49 Ohio St.2d 148, 150, 3 O.O.3d 86, 87, 359 N.E.2d 74, 76, citing *State ex rel. Canada v. Phillips* (1958), 168 Ohio St. 191, 5 O.O.2d 481, 151 N.E.2d 722. As mentioned above, *Beagle* was a plurality opinion, not a *per curiam* opinion, and it did not include a syllabus. The only issue agreed on by a majority of the justices was the constitutional challenge under the one-subject rule.

Although the written opinion in *Beagle* does not have precedential value, several appellate courts have expressly adopted the reasoning of the plurality opinion.[2] *Waite v. Progressive Ins. Co.* (1998), 128 Ohio App.3d 344, 714 N.E.2d 981 (Sixth District); *Ott v. Borchardt* (1998), 127 Ohio App.3d 152, 711 N.E.2d 1066 (Third District); *Gustin ex rel. Estate of Murphy v. USAA Cas. Ins. Co.* (Feb. 21, 2001), Franklin App. No. 00AP–130, unreported, 2001 WL 118524 (Tenth District); *Maletz v. State Auto Mut. Ins. Co.* (Nov. 8, 2000), Medina App. No. 2991–M, unreported, 2000 WL 1675045 (Ninth District); *Washington v. Citizens Security Mut. Ins. Co.* (Sept. 21, 2000), Cuyahoga App. No. 76082, unreported, 2000 WL 1369860, discretionary appeal allowed (2001), 91 Ohio St.3d 1431, 741 N.E.2d 894 (Eighth District); *Haddad v. State Farm Mut. Auto. Ins. Co.* (Feb. 28, 2000), Stark App. No. 1999CA00262, unreported, 2000 WL 329978 (Fifth District); *Rulong v. Allstate Ins. Co.* (Feb 25, 2000), Mahoning App. No. 97JE61, unreported, 2000 WL 246487 (Seventh District); *Gild v. Saley* (Nov. 19,

---

1. We note that while appellant refers to a "dissenting opinion" in the *Beagle* case, Justice Pfeifer's written opinion on the one-subject challenge is, in fact, a concurring opinion. Though three justices dissented, Justices Douglas and F.E. Sweeney did so without written opinion, and Justice Resnick dissented, noting only that she would find the statute unconstitutional.

2. Although we have previously noted the Ohio Supreme Court's resolution of the constitutionality of S.B. No. 20 in *Beagle,* the issue was not before the court at that time. *Barnett v. Carr* (Feb. 5, 2001), Butler App. No. CA2000–05–082, unreported, 2001 WL 121156.

1999), Portage App. No, 98–P–0056, unreported, 1999 WL 1074113, discretionary appeal allowed (2000), 88 Ohio St.3d 1447, 725 N.E.2d 286 (Eleventh District).

We agree with the analysis of the constitutional challenges to S.B. No. 20 expressed by the plurality opinion in *Beagle,* and, like the appellate districts above, adopt the reasoning expressed therein. Therefore, we find appellant's challenges to S.B. No. 20 pursuant to the one-subject rule, equal protection, separation of powers, and the right to a remedy to be without merit.

■ A portion of appellant's argument regarding her equal protection challenge to S.B. No. 20 is somewhat unusual and this particular argument was not addressed in the *Beagle* decision. In *Beagle,* the equal protection challenge focused on disparate treatment of UIM beneficiaries based on the different levels of protection purchased by the consumer. In this case, appellant argues that S.B. No. 20 creates unequal treatment of UIM beneficiaries based on the type of accident they are involved in, so that a person injured in an automobile accident is treated differently from a person injured by a product or by a homeowner's negligence. Appellant argues that elimination of coverage for UIM beneficiaries in auto coverage, but not in other types of insurance coverage, should not be tolerated.

Appellant's argument, while admittedly unique, ignores some basic principles. First, S.B. No. 20 does not require insurers to include setoff provisions in their policies. It merely gives them the opportunity to do so. Nothing prohibits other types of insurers who might include UIM insurance within their policies the same setoff opportunity.

In addition, there are different purposes and policies behind different types of insurance. Unlike homeowner's insurance, underinsured motorist coverage is required in each automobile policy and can even arise by operation of law if not included. See *Selander v. Erie Ins. Group* (1999), 85 Ohio St.3d 541, 709 N.E.2d 1161. The purpose behind Ohio's UIM statutes differs from the purposes of other types of insurance policies. See *Cincinnati Indemn. Co. v. Martin* (1999), 85 Ohio St.3d 604, 710 N.E.2d 677. For example, homeowner's insurance is "essentially designed to indemnify against liability for injuries that non-insureds sustain themselves, typically while in the insured's home." *Id.* In contrast, the purpose behind UIM coverage is to protect persons injured in motor vehicle accidents from losses that would otherwise go uncompensated because of the tortfeasor's lack of automobile liability insurance coverage. *Id.* Because of differing purposes in the type of insurance, the state has a legitimate reason for distinguishing between those who are injured in auto accidents and those injured in another manner. *Scancarello v. Erie Ins. Co.* (July 25, 1996), Franklin App. No. 96APE02–166, unreported, 1996 WL 421858. We find no merit to appellant's equal protection challenge to S.B. No. 20.

We find that R.C. 3937.18, as amended by S.B. No. 20, does not violate the constitutional provisions of equal protection, right to a remedy, separation of powers, or the one-subject rule. Appellant's assignment of error is overruled.

*Judgment affirmed.*

WALSH and POWELL, JJ., concur.