**LEMBLE et al., Appellants,**

v.

**BELKNAP et al., Appellees.**

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–01–1309.

Decided Dec. 31, 2001.

80

Kevin M. Ferguson and Brandon G. Schnorf, Jr., for appellants.

Cormac B. DeLaney, for appellee Auto–Owners Insurance Company.

Stephen Roach, for appellee Cincinnati Insurance Company.

MELVIN L. RESNICK, Judge.

{¶ 1} This matter is before the court on appeal from a judgment of the Lucas County Court of Common Pleas granting summary judgment and dismissing all claims against two appellees, Auto–Owners Insurance Company ("Owners") and Cincinnati Insurance Company ("Cincinnati"). The issue before the trial court was the constitutionality of R.C. 3937.18.

{¶ 2} Appellants, Carol Lemble, Joseph Lemble, Sr., Tamara Lemble, Joseph Lemble, Jr., and April Costen, assert the following assignment of error:

{¶ 3} "The trial court committed reversible error in granting the defendant/appellees' Cincinnati Insurance Company and Auto–Owners Insurance Company's motions for summary judgment, and in so doing finding that ORC § 3937.18 and in particular ORC § 3937.18(G) are constitutional, thereby precluding the plaintiffs/appellants from stacking the various available uninsured/underinsured insurance policy benefits."

{¶ 4}   On June 23, 1995, Carol Lemble was driving a van owned by Donald Toeppe, Jr., when she was struck by a vehicle driven by Jennifer Belknap. Lemble was rendered incompetent as a result of her injuries.  Also injured were two of Lemble's children, Tamara and Joseph Lemble, Jr., and Lemble's ex-husband, Joseph Lemble, Sr., who were passengers.  April Costen, another one of Carol Lemble's children, was not riding in the van, but filed a consortium claim.

{¶ 5}   At the time of the accident, Toeppe carried insurance on the van through Commercial Union Insurance Company ("Commercial").  Carol Lemble was insured by Cincinnati, and Joseph Lemble, Sr. was insured by Owners.  The underinsured motorist coverage was identical for the three policies: $100,000 per person, $300,000 per accident.

{¶ 6}   Belknap carried liability insurance with Wolverine Insurance Company ("Wolverine"), with policy limits of $25,000 per person, $50,000 per accident.  As a result of the accident and claims, Wolverine paid Carol Lemble $25,000, Tamara $20,000, Joseph, Jr. $2,500, and April Costen $2,500.

{¶ 7}   On March 27, 1996, Joseph Lemble, Sr. filed suit on behalf of the three minor children against Belknap, Commercial, Owners, and Cincinnati.  The suit included a negligence claim against Belknap and a request for declaratory judgment that the children were insured parties entitled to collect damages under the three insurance policies.  Subsequent to this suit, guardians appointed for April Costen and Carol Lemble filed separate suits seeking damages.  The three cases were consolidated.

{¶ 8}   Cincinnati filed a motion for summary judgment on October 8, 1997, claiming that Commercial owed primary underinsured motorist coverage to Tamara and Joseph Lemble, Jr., and that the Cincinnati policy provided only "excess underinsured motorist coverage."  Commercial filed a memorandum in opposition to Cincinnati's motion, claiming that its policy was "substantively identical" to Cincinnati's, and urging that both Cincinnati and Commercial participate pro rata in the allocation of underinsured motorist coverage.  Appellants also filed a memorandum in opposition in which they asserted that the aggregate value of their claims was "far in excess of $600,000."

{¶ 9} A series of memoranda, motions, and cross-motions were subsequently filed by the parties, in which they argued issues regarding the parties' rights and obligations under the three insurance policies, including pro-rata versus primary/secondary coverage, stacking of coverage, and the constitutionality of R.C. 3937.18(G). Each party to the action sought partial summary judgment.

{¶ 10} On November 10, 1998, the trial court found that Owners was not liable to Tamara and Joseph Lemble, Jr. for their injuries because the policy their father carried contained an exclusion stating that no money would be paid if the owner of the vehicle carried similar coverage, which Toeppe did. The court went on to rule that Commercial was the primary insurer and Cincinnati was the excess insurer, based on the wording in each company's excess clause, and on case law holding that "insurance follows the car." Regarding the stacking issue, the court held that R.C. 3937.18(G) was constitutional, and that both the Commercial and Cincinnati policies contained clear and unambiguous antistacking clauses. Therefore, the court held that appellants were entitled to recover a single $300,000 claim against Commercial, less the $50,000 appellants received from Wolverine.

{¶ 11} Appellants appealed that judgment entry to this court on December 8, 1998. Commercial filed a cross-appeal on December 18, 1998. This court affirmed the judgment, except as it pertained to the constitutionality of R.C. 3937.18. We held that the trial court did not have jurisdiction to rule on the constitutionality issue because the Ohio Attorney General was not served with a copy of the declaratory judgment action pursuant to R.C. 2721.12.

{¶ 12} Appellants then filed an amended complaint listing the Ohio Attorney General as a defendant. The Attorney General moved to dismiss the complaint against her because R.C. 2721.12 does not require that she be named as a party, and the trial court granted this January 11, 2001. Cincinnati and Owners filed motions for summary judgment, renewing the issue of the constitutionality of R.C. 3937.18.

{¶ 13} On May 25, 2001, the trial court dismissed all claims against Cincinnati and Owners and granted their summary judgment motions, thereby upholding the constitutionality of R.C. 3937.18(G). The court based its holding on the authority of *Stinson v. Progressive Ins. Co.* (Apr. 27, 2001), Ottawa App. No. OT–00–046. Appellants filed their notice of appeal with this court June 22, 2001.

{¶ 14} In their sole assignment of error, appellants contend that the trial court erred in granting the motions for summary judgment and finding R.C. 3937.18(G) constitutional. Appellants argue that the statute is unconstitutional for five reasons: (1) antistacking provisions are against public policy; (2) by enacting R.C. 3937.18, the legislature has overruled the Ohio Supreme Court,

thus violating the separation-of-powers doctrine of the Ohio Constitution; (3) the practical effect of the statute denies policy holders and purchasers the right to freely contract, thus violating the Equal Protection Clause of the Ohio Constitution, and the Fourteenth Amendment to the United States Constitution; (4) R.C. 3937.18 confers a special privilege or immunity on the automobile casualty insurance industry, thus violating the Equal Protection Clause of the Ohio Constitution; and (5) the statute denies claimants a right to full and fair compensation, thereby violating the right to a remedy granted by the Ohio Constitution.

{¶ 15} Cincinnati contends that both the Ohio Supreme Court and this court have upheld the constitutionality of R.C. 3937.18 as amended by Senate Bill 20, and that the Ohio legislature is the final arbiter of Ohio's public policy.

{¶ 16} We review the grant of a motion for summary judgment using the same standard as the trial court. Civ.R. 56(C) provides that summary judgment can only be granted if (1) no genuine issue of material fact remains to be litigated, (2) it appears from the evidence that reasonable minds can reach but one conclusion and that conclusion is adverse to the nonmoving party, and (3) the moving party is entitled to summary judgment as a matter of law. *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of delineating the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on one or more of the essential elements of the nonmoving party's claim. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. If the moving party satisfies this burden, the nonmoving party has a reciprocal burden, as outlined in Civ.R. 56(E), to set forth specific facts showing that there is a genuine issue for trial.

{¶ 17} At the time of the accident in this case, R.C. 3937.18(G), as amended by Senate Bill 20, provided:

{¶ 18} "Any automobile liability or motor vehicle liability policy of insurance that includes coverages offered under division (A) of this section may, without regard to any premiums involved, include terms and conditions that preclude any and all stacking of such coverages, including but not limited to:

{¶ 19} "(1) Interfamily stacking, which is the aggregating of the limits of such coverages by the same person or two or more persons, whether family members or not, who are not members of the same household;

{¶ 20} "(2) Intrafamily stacking, which is the aggregating of the limits of such coverages purchased by the same person or two or more family members of the same household."

{¶ 21} The Ohio Supreme Court has held that "[s]tatutes are presumed to be constitutional unless shown beyond a reasonable doubt to violate a constitutional provision," and that "[t]he legislature is the primary judge of the needs of public welfare, and this court will not nullify the decision of the legislature except in the case of a clear violation of a state or federal constitutional provision." *Beagle v. Walden* (1997), 78 Ohio St.3d 59, 61, 676 N.E.2d 506.

{¶ 22} In *Beagle,* the Ohio Supreme Court held that R.C. 3937.18(a)(2), as amended by S.B. 20, did not violate the one-subject rule. Id. In its plurality opinion the court also dealt with constitutional challenges to R.C. 3937.18 that were quite similar to the ones brought by appellants in this case. Id.

{¶ 23} Regarding the challenge based on separation of powers, the court in *Beagle* stated:

{¶ 24} " '[T]he legislature is the final arbiter of public policy, unless its acts contravene the state or federal Constitutions.' * * *

{¶ 25} "The interpretation of R.C. 3937.18(A)(2) advanced in *Savoie* [*v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 620 N.E.2d 809] did not meet with legislative approval. It was the General Assembly's prerogative to redress its dissatisfaction with new legislation." Id. at 62–63, 676 N.E.2d 506.

{¶ 26} Regarding equal protection, the Ohio Supreme Court pointed out that "where there is no classification, there is no discrimination which would offend the Equal Protection Clauses of either the United States or Ohio Constitutions." Id. at 63, 676 N.E.2d 506. The court went on to conclude, "Differences in treatment based on the individual contract between the insurer and the insured do not impinge upon a fundamental right or burden a suspect class. * * * [A] rational basis undeniably supports giving effect to the policy limits bargained for by the parties." Id. at 63–64, 676 N.E.2d 506.

{¶ 27} Regarding the right to a remedy, the court in *Beagle* reasoned that, "R.C. 3937.18 results from legislative policymaking. Coverage in accordance with R.C. 3937.18 is not a *common-law* right. Any *contractual* right to coverage prescribed under R.C. 3937.18 does not, therefore, come within the protection of Section 16, Article I of the Ohio Constitution." (Emphasis sic.) Id. at 64, 676 N.E.2d 506.

{¶ 28} Regarding the privileges-and-immunities challenge, the court explained:

{¶ 29} "Because the obligation to offer uninsured/underinsured motorist coverage is rooted in public policy and imposed by the legislature, the legislature is free to delimit the obligation. By obligating all motor vehicle liability insurers in a like manner, the General Assembly does not grant special privileges or

immunities. Accordingly, the Privileges and Immunities Clause is inapplicable to this case." Id.

{¶ 30} Many appellate courts, including this one, have relied on the reasoning presented in *Beagle* to uphold the constitutionality of R.C. 3937.18. See *Ball v. Guar. Natl. Ins. Co.* (2001), 144 Ohio App.3d 145, 759 N.E.2d 830; *Stinson*, supra; *Gustin v. USAA Cas. Ins. Co.* (Feb. 13, 2001), Franklin App. No. 00AP–130, 2001 WL 118524; *Barnett v. Carr* (Feb. 5, 2001), Butler App. No. CA2000–05–082, 2001 WL 121156; *Waite v. Progressive Ins. Co.* (1998), 128 Ohio App.3d 344, 714 N.E.2d 981.

{¶ 31} Although *Beagle* does not specifically address R.C. 3937.18(G), we find the reasoning persuasive. Since there is no genuine issue as to any material fact, and Cincinnati and Owners were entitled to judgment as a matter of law, appellants' assignment of error is found not well taken.

{¶ 32} On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

JAMES R. SHERCK and RICHARD W. KNEPPER, JJ., concur.