Weygandt, C. J.
 

 The single question of law here presented is whether a private, recorded easement is extinguished when the burdened land is duly forfeited and sold by the state of Ohio for delinquent taxes.
 

 The defendants rely strongly upon two decisions of this court. The first is in the case of
 
 Kahle
 
 v.
 
 Nisley,
 
 74 Ohio St., 328, 78 N. E., 526, in which the syllabus reads as follows:
 

 “Where, under Section 2899, Revised Statutes, lands have been duly forfeited to the state for the nonpayment of taxes and penalty, a valid sale and conveyance of such lands by the county auditor, extinguishes all previous titles thereto, either legal or equitable, and invests the purchaser with a new and perfect title to said lands, discharged from all previous liens and incumbrances.”
 

 The second is in the case of
 
 Cech
 
 v.
 
 Schultz,
 
 132 Ohio St., 353, 7 N. E. (2d), 557, in which the third paragraph of the syllabus is stated as follows:
 

 “Sections 5744 and 5762, General Code (114 Ohio Laws, 838 and 841), plainly indicate that a purchaser at a land forfeiture sale acquires, as against the owner, not merely a lien, but a
 
 prima facie
 
 and absolute title to the property, where the statutory proceedings have been legally complied with and no constitutional rights of the owner had been abridged.”
 

 
 *397
 
 Incidentally, these cases were decided before the enactment of Section 8542-1, General Code.
 

 If easements were involved in the two cases the reliance of the defendants upon this very broad language would be justified. However, a study of the facts discloses no such analogy. Each of those cases involved a lien instead of an easement — a fundamentally different creature of the law. Generally a lien is a charge upon property to secure the performance of an obligation such as the payment of a debt, while an easement is a right of an owner of land to use that of another for a specific purpose.
 
 Yeager
 
 v.
 
 Tuning, 79
 
 Ohio St., 121, 86
 
 N.
 
 E., 657, 128 Am. St. Rep., 679, 19 L. R. A. (N. S.), 700. In view of this difference in nature, does a valid forfeiture and sale affect each in the same manner? Counsel have not succeeded in discovering an Ohio decision exactly in point Hence the question seems to be one of first impression in this state.
 

 Section 5328, General Code, provides that “all real property in this state shall be subject to taxation, except only such as may be expressly exempted therefrom.” Cognate Section 5322, General Code, reads as follows:
 

 “The terms ‘real property’ and ‘land’ as so used, include not only land itself, * * * but also, unless otherwise specified, all buildings, structures, improvements, and fixtures of whatever kind thereon, and all rights and privileges belonging or appertaining thereto.”
 

 It is undisputed that an easement constitutes a right and privilege belonging or appertaining to the dominant estate. The value of such estate is accordingly increased and that of the servient estate diminished; and both are taxable upon that basis. Consequently the basis of the forfeiture and sale for non-payment of taxes would necessarily be the same. In the instant ease it was the diminished servient estate that was forfeited and sold. The dominant estate was left undisturbed. According to the agreed statement of facts
 
 *398
 
 the owners of the dominant estate were not made parties defendant in the tax foreclosure action.
 

 The defendants complain because there is no evidence in the record showing that the taxing authorities considered the easement in appraising the dominant and servient estates for taxation purposes. However, the record is likewise lacking in evidence indicating a failure on the part of the authorities to discharge their duty in this respect; and it is a well-settled rule that in the absence of evidence to the contrary a public official is presumed to have performed the duties of his office.
 

 Although there is not unanimity among the various jurisdictions on the question of the effect of a tax forfeiture and sale upon an easement, the great weight of authority is expressed in the following statement appearing in 3 Cooley on Taxation (4 Ed.), Section 1494:
 

 “Ordinarily, a tax sale does not divest easements charged on the property sold. Thus, private easements of light, air and access of adjoining owners over the land sold are not extinguished by the tax sale.”
 

 The decree of the Court of Appeals enjoining the defendants from interfering with the easement of the plaintiffs over the servient estate is correct and must be affirmed.
 

 Decree affirmed.
 

 Turner, Williams, Matthias, Hart and Zimmerman, JJ., concur.
 

 Bettman, J., not participating.