Peck, J.
The question presented is an intriguing one and may be stated in this manner: Is an appropriating authority required by law to include in the resolution or finding, instituting a proceeding to appropriate a dominant estate, a specific description of an appurtenant easement and to separately fix the value by which the easement increases the value of the dominant estate?
Before passing to the consideration of this question, however. it should first be pointed out that there is no dispute as to the fact that the appurtenant easement possesses value or that it is a portion of the dominant estate. On the contrary, the respondents, have themselves cited to the court language of Chief Justice Weygandt (Ross v. Franko, 139 Ohio St., 395, 40 N. E. *305 [2d], 664), that “it is undisputed that an easement constitutes a right and privilege belonging or appertaining to the dominant estate,” and that “the value of such estate is accordingly increased and that of the servient estate diminished.” Of course the entire basis of relator’s position is similarly that there is value in the appurtenant easement.
The proceeding in the Common Pleas Court originated under the provisions of Section 5519.01, Revised Code, which requires the Director of Highways to journalize “a definite, accurate, and detailed description” of property that he finds it necessary to appropriate for the public convenience and welfare. If the easement here in question is a thing of separate existence, it must be separately described to meet the requirements of this section but, if it possesses no such independence, it is argued that statutory compliance exists without such description.
Where an appropriating authority acquires property in fee it takes all that the owner possesses, including the invisible as well as the visible. Thus in such instance it would take unseen (and perhaps unknown) mineral rights as'well as, for example, observable standing timber (and here the easement, being recorded, was observable). See Deavitt v. Washington County, 75 Vt., 156, 53 A., 563 (easement running with land is acquired in condemnation of the land), and Moore v. Indiana & Michigan Electric Co., 229 Ind., 309, 95 N. E. (2d), 210. It is here urged, however, that the fee is not sought to be acquired, since respondents seek only an easement for highway purposes. Although this circumstance unquestionably places respondents in a different position from that they would occupy if they sought full title, in our view of the case it becomes unnecessary to explore that difference.
The dependent status of an appurtenant easement is too well established, and indeed is too obvious, to require extensive citation of authority. It is commented, as follows, in 18 Ohio Jurisprudence (2d), 607, Section 71: “An appurtenant easement * * * is an incident to an estate in land and passes upon a transfer of the land. It cannot be separated from, or transferred independently of, the land to which it inheres. The right to an appurtenant easement cannot be transferred to a stranger *306 to the dominant estate. The owner of an appurtenant easement of way cannot separate it from the dominant estate so as to convert it into an easement in gross.” Thus the easement with which we are here concerned is not a separate entity. On the contrary, it owes its existence to the dominant estate, to which it is an adjunct of value and is included in the definite, accurate and detailed description of such dominant estate in the finding of the Director of Highways. In appropriating the latter the acquiring authority, whether acquisition is of the fee or onlv of an easement for highway purposes, must provide compensation for the taking but need not include a description of the easement in describing the estate taken.
This court, being of the opinion that the demurrer is well taken, sustains the same and, the parties agreeing that such a ruling will be dispositive of the case, dismisses the petition

Demurrers sustained and petitions dismissed.

Weygandt, C. J., Zimmerman, Taet, Matthias, Bell and Herbert, JJ., concur.