MUIRFIELD ASSOCIATION, INC., APPELLEE, *v.* FRANKLIN
COUNTY BOARD OF REVISION ET AL., APPELLANTS.

[Cite as *Muirfield Assn., Inc. v. Franklin Cty.
Bd. of Revision* (1995), 73 Ohio St.3d 710.]

(No. 94–733—Submitted May 9, 1995—Decided September 13, 1995.)

F. David Resch, for appellee.

Michael Miller, Franklin County Prosecuting Attorney, and James R. Gorry, Jr., Assistant Prosecuting Attorney, for appellants Franklin County Board of Revision and Franklin County Auditor.

Teaford, Rich, Coffman & Wheeler and Jeffrey A. Rich, for appellant Board of Education of the city of Dublin School District.

Per Curiam. In Alliance Towers, we had before us properties encumbered with restrictive contracts with the government. Under these contracts, the property owner received above market rent to subsidize the operation of the property. After reviewing tax and eminent domain cases, we concluded that voluntary encumbrances, such as leasehold interests, deed restrictions, and restrictive contracts with the government, which the owner had granted, should not complicate the true value of property. In paragraph one of the syllabus, we stated:

"For real property tax purposes, the fee simple estate is to be valued as if it were unencumbered. (Wynwood Apartments, Inc. v. Bd. of Revision [1979], 59 Ohio St.2d 34, 13 O.O.3d 19, 391 N.E.2d 346, approved and followed.)"

The American Institute of Real Estate Appraiser's Dictionary of Real Estate Appraisal (1984) 123, defines "fee simple estate" as:

"Absolute ownership unencumbered by any other interest or estate; subject only to the limitations of eminent domain, escheat, police power, and taxation."

Thus, "[f]or real property tax purposes, the fee simple estate is to be valued as if it were unencumbered," subject only to the limitations caused by involuntary, governmental actions, such as eminent domain, escheat, police power, and taxation. We have already recognized the limitation on value generated by zoning restrictions in Porter v. Cuyahoga Cty. Bd. of Revision (1977), 50 Ohio St.2d 307, 4 O.O.3d 460, 364 N.E.2d 261.

In the instant case, however, the parties imposed the restrictions themselves, and the tax authorities need not search for the value of all voluntary, individual interests in real property. "It is not compatible with public convenience and the prompt collection of revenue for the State to trace out all the sub-divided or qualified interests that may be held in real estate and seek to hold the various owners responsible. Its policy is to assess the fee simple value of the land to the holder of the possession, where its real owner is not apparent or accessible, leaving the parties interested to adjust the proportion of liability between themselves." *Hill v. Williams* (1906), 104 Md. 595, 603–604, 65 A. 413, 414.

Moreover, in *Beckett Ridge Assn. v. Bd. of Revision, supra,* paragraph one of the syllabus, we held that zoning easements and other restrictions may reduce a property's value. Among the restrictions the parties cited in *Beckett Ridge* were a government zoning ordinance and a property owners' restrictive agreement. Much of the land was physically undevelopable, further detracting from its value. In resolving the case, we called on the tax authorities to establish and apply uniform standards to take into consideration all relevant factors in valuing such property. Nevertheless, we did not prescribe the type of estate to be valued for tax purposes in *Beckett Ridge;* we prescribed this in *Alliance Towers.*

Furthermore, we limit *Ross v. Franko* (1942), 139 Ohio St. 395, 22 O.O. 463, 40 N.E.2d 664, cited in *Beckett Ridge,* to its holding. In *Ross,* the owners of the dominant property sued to enjoin the owner of the servient property from barring them from entering their land through the servient property. The court held that "[a private, recorded] easement is not extinguished when the burdened land is duly forfeited and sold by the state of Ohio for delinquent taxes." *Id.* at paragraph three of the syllabus. The court surmised that this easement right was considered in valuing both estates, increasing the dominant estate's value and diminishing the servient estate's value. The court supposed that both estates were taxable on that basis and concluded that the easement was sold in the tax sale. Nevertheless, *Ross* stands for the survival of an easement in a tax sale; it is not an aid in valuing real property for tax purposes.

Accordingly, we reverse the court of appeals' judgment and remand this matter to the BTA to value the property as a fee simple estate, unencumbered by the voluntarily undertaken restrictions contained in the warranty deed.

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and COOK, JJ., concur.

WRIGHT and PFEIFER, JJ., dissent.

PFEIFER, J., dissenting. The development scheme at issue in this case transfers value from one lot to other lots by granting easements of enjoyment in a

recreational lot to residential lots. The value of the residential lots—the dominant estates—was increased by these conveyances, and the value of the recreational lot—the subservient estate—was decreased.

Somehow the majority concludes that the General Assembly mandates that county auditors should ignore this transfer of value despite the fact that R.C. 5715.01 provides:

" * * * The rules shall provide that in determining the true value of lands or improvements thereon for tax purposes, *all facts and circumstances relating to the value of the property,* its availability for the purposes for which it is constructed or being used, its obsolete character, if any, the income capacity of the property, if any, and any other factor that tends to prove its true value shall be used." (Emphasis added.)

In this case, the conveyance of an easement appurtenant is a fact that relates to the value of the property and was, thus, appropriately considered by the auditor.

*Alliance Towers, Ltd. v. Stark Cty. Bd. of Revision* (1988), 37 Ohio St.3d 16, 523 N.E.2d 826, is factually distinguishable from this case. *Alliance Towers* addresses the appropriate standard of valuation to be used for taxation purposes when property is operated with assistance from the federal government. The lots of real property at issue in *Alliance Towers* were not encumbered by interests conveyed to other parcels of land. Thus, there was no transfer of value from one lot to another.

WRIGHT, J., concurs in the foregoing dissenting opinion.