BOARD OF EDUCATION OF DUBLIN CITY SCHOOLS, APPELLANT, *v.*
FRANKLIN COUNTY BOARD OF REVISION ET AL., APPELLEES.

[Cite as *Dublin City Schools Bd. of Edn. v. Franklin Cty.*
*Bd. of Revision,* 118 Ohio St.3d 45, 2008-Ohio-1588.]

46

(No. 2007–0550—Submitted December 11, 2007—Decided April 9, 2008.)

Moyer, C.J.

{¶ 1} This appeal presents another occasion for this court to decide whether the Board of Tax Appeals ("BTA") properly applied our holding in *Berea City School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 106 Ohio St.3d 269, 2005-Ohio-4979, 834 N.E.2d 782. In this case, the property owner contested the auditor's valuation of the property and introduced the sale price as evidence of value. The board of revision adopted the sale price as the value of the property, and the BTA did the same.

{¶ 2} The Board of Education of Dublin City Schools contends that the easements encumbering the property depressed the sale price below the actual value of the property. Specifically, the board relies on the doctrine that for purposes of taxation, real property should be valued as a fee simple absolute without encumbrances imposed by private, voluntary decisions. Recently, we rejected similar arguments in *Cummins Property Servs., L.L.C. v. Franklin Cty. Bd. of Revision*, 117 Ohio St.3d 516, 2008-Ohio-1473, 885 N.E.2d 222. Applying *Cummins* to this case, we conclude that the BTA acted reasonably and lawfully when it adopted the sale price as the measure of the value of the property. We therefore affirm the decision of the BTA.

I

{¶ 3} The property owner, UA Professional Center, L.L.C. ("UA Professional"), filed its complaint in 2003 with the Franklin County Board of Revision against the auditor's valuation of the unimproved property for tax year 2002. The complaint sought a reduction from the assessed value of $631,100 to $300,000. The board of education filed a countercomplaint seeking retention of the auditor's determination of value.

{¶ 4} At issue is a 2.437–acre parcel adjacent to a Giant Eagle supermarket at the corner of Bethel and Sawmill Roads. UA Professional based its complaint on the September 2002 sale price of the property. At two hearings before the Franklin County Board of Revision ("BOR"), UA Professional presented the deed, the closing statement, and the testimony of Bob Long, a principal of Long & Wilcox, a real estate development firm, and the managing partner of UA Professional. According to the testimony, Long & Wilcox purchased the property from Continental Eagle II, L.L.C. ("Continental") and transferred it to UA Professional. Continental had acquired the parcel in order to meet the parking needs of the adjacent supermarket, and Long testified that the property was encumbered with easements that permitted store parking on the parcel. Long

also stated that the city of Upper Arlington had required the building of a medical office as a condition on the development of the property. Continental designed a building and installed some infrastructure but abandoned the project and sold the parcel to Long & Wilcox, which transferred it to UA Professional.

{¶ 5} Long testified that $200,000 of consideration passed from Long & Wilcox as purchaser to Continental as seller of the property. The transfer of the property to UA Professional involved $300,000 flowing to Long & Wilcox, but Long explained that the latter was not an arm's-length transaction, but rather a planned reorganization of ownership; Long & Wilcox had put together an "investment team" for the project, and its members were direct investors in UA Professional. After acquisition, UA Professional completed the building, located tenants, and sold the parcel in May 2003 for $1,995,000.

{¶ 6} In spite of the $200,000 sale price from Continental to Long & Wilcox, the deed recited that the conveyance fee was paid on the basis of a $300,000 sale price, rather than $200,000. No explanation was offered for this discrepancy, but at the second hearing, UA Professional requested that the value be reduced to $200,000, the figure that the evidence showed was the arm's-length sale price of the property. The BOR agreed, determining that the value of the property as of January 1, 2002, was the $200,000 sale price.

{¶ 7} The board of education appealed to the BTA, which determined that the sale price of $200,000 reflected a recent, arm's-length transaction and affirmed the BOR's adoption of the sale price on the authority of *Berea City School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 106 Ohio St.3d 269, 2005-Ohio-4979, 834 N.E.2d 782.

## II

{¶ 8} In *Berea*, we held that "when the property has been the subject of a recent, arm's-length sale between a willing seller and a willing buyer, the sale price of the property shall be 'the true value for taxation purposes.' " *Berea* at ¶ 13, quoting R.C. 5713.03. At the very heart of *Berea* lies the rejection of appraisal evidence of the value of the property whenever a recent, arm's-length sale price has been offered as evidence of value. Thus, if the BTA correctly found that the sale by which Long & Wilcox acquired the property constituted a recent, arm's-length sale, it follows that the value equals the sale price. Under *Berea*, such a sale price is deemed to be the value of the property, and the only rebuttal lies in challenging whether the sale was sufficiently recent and genuinely at arm's length between a willing buyer and a willing seller.

{¶ 9} In this case, the BTA found that "it is uncontroverted that the parties are unrelated, that the sale was recent, that they acted in their self-interest and without compulsion and duress." On that basis, the BTA held that "the sale was

an arm's-length transaction." The notice of appeal to this court does not contest the basic findings and holding of the BTA in this regard. It follows that, in order to prevail, the board of education must establish that the general rule of *Berea* does not apply to the present case.

{¶ 10} The board of education argues that this case resembles others in which an actual sale price would not reflect value because of "peculiar circumstances," but those cases involved allegations of compulsion, which is a challenge to the arm's-length character of the sale. See *Strongsville Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 112 Ohio St.3d 309, 2007-Ohio-6, 859 N.E.2d 540, ¶ 13–15. Because the notice of appeal to the court does not challenge the arm's-length character of the sale, we have no jurisdiction to consider an argument based on peculiar circumstances. *Dayton–Montgomery Cty. Port Auth. v. Montgomery Cty. Bd. of Revision*, 113 Ohio St.3d 281, 2007-Ohio-1948, 865 N.E.2d 22, ¶ 32.

### III

{¶ 11} The board of education contends that the existence of the voluntary easement by which customers of the adjacent supermarket were permitted to park on the property takes this case outside the holding of *Berea*. The board of education asserts that the interest to be valued is "the entire fee simple interest," with the result that the property "must be appraised and taxed on the basis of its fee simple interest without regard to any restrictions or easements on the property," citing *Alliance Towers, Ltd. v. Stark Cty. Bd. of Revision* (1988), 37 Ohio St.3d 16, 523 N.E.2d 826, *Knowlton Realty Co. v. Darke Cty. Bd. of Revision* (1997), 77 Ohio St.3d 438, 674 N.E.2d 1374, and *Muirfield Assn. v. Franklin Cty. Bd. of Revision* (1995), 73 Ohio St.3d 710, 654 N.E.2d 110.

{¶ 12} Recently, we addressed and rejected an argument closely related to the argument here—that a voluntary deed restriction made a sale price unreflective of value. *Cummins Property Servs., L.L.C. v. Franklin Cty. Bd. of Revision*, 117 Ohio St.3d 516, 2008-Ohio-1473, 885 N.E.2d 222. In doing so, we pointed out that *Berea* itself directly rejected the contention that the encumbrance of property with long-term, below-market leases made a sale price not indicative of value. Under the authority of *Berea* and *Cummins*, we reject the board of education's primary argument in this case as well.

{¶ 13} In this case, the board of education emphasizes *Knowlton Realty*. In that case, the property owner urged that the parcel at issue—a 19.244–acre parcel improved with a house and three buildings used in a manufacturing business—was worth $25,000 based on the cash payment called for under a purchase agreement. The agreement also required the purchaser to indemnify the seller and others against the costs of environmental cleanup. Id., 77 Ohio St.3d at 439–440, 674 N.E.2d 1374. The BTA adopted an appraiser's opinion that the property was worth $471,800 rather than the $25,000 cash payment advocated

by the owner, and we affirmed. Although we stated as one ground for our decision that " 'the fee simple estate is to be valued as if it were unencumbered,' " the central difficulty in that case was not the use of the sale price to determine value, but *the determination of what the sale price was.* Id. at 441, 674 N.E.2d 1374, quoting *Alliance Towers, Ltd. v. Stark Cty. Bd. of Revision* (1988), 37 Ohio St.3d 16, 523 N.E.2d 826, paragraph one of the syllabus. We noted that the owner had made "no attempt to account for the value of the indemnity agreement," and on that basis agreed with the BTA that "the cash price paid for the property in this case did not represent the best evidence of the true value of the property." Id. at 442, 674 N.E.2d 1374. The issue in *Knowlton* is simply not the issue in this case.

{¶ 14} In its second proposition of law, the board of education restates its position as one that is compelled by the constitutional requirement that property be taxed according to "uniform rule." Section 2, Article XII, Ohio Constitution. We devoted extensive discussion to the same constitutional argument in *Cummins,* and under the authority of *Cummins,* we reject that argument in this case as well.

{¶ 15} At oral argument, the board of education's counsel contended that our recent decision in *St. Bernard Self–Storage, L.L.C. v. Hamilton Cty. Bd. of Revision,* 115 Ohio St.3d 365, 2007-Ohio-5249, 875 N.E.2d 85, dictates that UA Professional shoulder the burden of proof in this case. We find no merit in that contention. In *St. Bernard,* a real estate contract purported to allocate about half the purchase price of real property to goodwill. In the present case, the owner presents an entire sale price as proof of value, not an allocated portion of the sale price. *St. Bernard* is simply not apposite.

{¶ 16} Finally, *Cummins* points to another circumstance in which the sale price might not indicate value. If the encumbrances were not themselves created at arm's length and in good faith, that circumstance might constitute a reason for disregarding the sale price. But in this case, there is no evidence of any collusion in creating the easements. In *Cincinnati Bd. of Edn. v. Hamilton Cty. Bd. of Revision* (1997), 78 Ohio St.3d 325, 327, 677 N.E.2d 1197, we held that "a rebuttable presumption exists that the sale has met all the requirements that characterize true value." Accordingly, the burden lies upon the party who opposes the use of the sale price to show that the encumbrances on the property constitute a reason to disregard the sale price as an indicator of value, and no such evidence has been presented in this case.

## IV

{¶ 17} For the reasons set forth in this opinion, we conclude that the BTA acted reasonably and lawfully in using the sale price as the value of the parcel of real estate at issue. We therefore affirm the decision of the BTA.

Decision affirmed.

LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

PFEIFER, J., concurs in judgment only.

———

Rich, Crites & Dittmer, Mark H. Gillis, and Jeffrey A. Rich, for appellant Board of Education of Dublin City Schools.