[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Olentangy Local Schools Bd. of Edn. v. Delaware Cty. Bd. of Revision*, Slip Opinion No. 2017-Ohio-8385.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-8385

OLENTANGY LOCAL SCHOOLS BOARD OF EDUCATION, APPELLANT, *v.*
DELAWARE COUNTY BOARD OF REVISION ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Olentangy Local Schools Bd. of Edn. v. Delaware Cty. Bd. of Revision*, Slip Opinion No. 2017-Ohio-8385.]**

*Taxation—Real-property valuation—Board of Tax Appeals acted reasonably and lawfully in considering and relying on appraisal of property owner's appraiser—Decision affirmed.*

(No. 2015-1192—Submitted July 11, 2017—Decided November 2, 2017.)

APPEAL from the Board of Tax Appeals, No. 2012-4555.

————————————

**Per Curiam.**

{¶ 1} This case returns to this court after we issued a remand order based on the parties' stipulation that the Board of Tax Appeals ("BTA") should address certain issues. *See* 141 Ohio St.3d 1462, 2015-Ohio-370, 24 N.E.3d 1180. On remand, the BTA addressed those issues and adopted the appraisal valuation of the

owner's appraiser for the second time, and appellant, Olentangy Local Schools Board of Education ("BOE"), has again appealed.[1]  According to the BOE, the law required that the property be valued as if unencumbered, pursuant to *Muirfield Assn., Inc. v. Franklin Cty. Bd. of Revision*, 73 Ohio St.3d 710, 654 N.E.2d 110 (1995).  The BOE also argues that the BTA's reliance on the appraisal is unsupported by the record, and it calls for the reinstatement of the auditor's valuation.  We disagree, and we therefore affirm.

## FACTUAL BACKGROUND

**{¶ 2}** At issue is the tax-year-2011 value of a vacant 22.27-acre parcel that is zoned "planned residential district" and is subject to a homeowners'-association agreement.  The agreement creates easement rights in a "common access driveway" for neighboring parcels as well as an easement to enjoy a pond.  The easements encompass slightly more than half of the parcel.

**{¶ 3}** The Delaware County auditor originally valued the property at $654,100, and the property owner, appellee Algoma Group, filed a complaint with the Delaware County Board of Revision ("BOR").  Algoma presented an appraisal by Samuel D. Koon, a member of the Appraisal Institute, who determined a value of $26,000 per acre, totaling $580,000 (after rounding) for the 22.27 acres.  The BOR also certified as part of the record transmitted to the BTA a study by the county's own appraiser indicating a total value of $530,000 (approximately $24,000 per acre).

**{¶ 4}** The BOR ordered a reduction to $580,000 after adopting Koon's appraisal, and the BOE appealed to the BTA, which affirmed the adoption of the appraisal.  Pursuant to this court's remand order, the BTA addressed (1) whether

---

[1] *See Colonial Village, Ltd. v. Washington Cty. Bd. of Revision*, 123 Ohio St.3d 268, 2009-Ohio-4975, 915 N.E.2d 1196, ¶ 3, fn. 1 (although the BTA's order following a mandate of the court is usually not a final determination that can itself be appealed, "we have not hesitated to entertain an appeal from a later BTA decision if that appeal contests additional findings and conclusions that the BTA rendered pursuant to the remand order").

an appraisal valuing the property as encumbered for tax year 2011 can be considered competent and probative evidence and (2) whether one of the tax commissioner's rules requires real property to be valued as encumbered for tax year 2011. BTA No. 2012-4555, 2015 Ohio Tax LEXIS 2802, *1-2 (June 22, 2015). Taking the second issue first, the BTA held that Ohio Adm.Code 5703-25-11(B) did not require real property to be valued as encumbered for tax year 2011. *Id.* at *7-8, quoting *Alliance Towers, Ltd. v. Stark Cty. Bd. of Revision*, 37 Ohio St.3d 16, 523 N.E.2d 826 (1988), paragraph one of the syllabus (for " 'real property tax purposes, the fee simple estate is to be valued as if it were unencumbered' "). Regarding the first issue, the BTA determined that Koon's appraisal report "properly supports his ultimate opinion of value, even if the deed restrictions on the subject property are not considered." *Id.* at *8. The BTA identified aspects of the appraisal that led it to accord the appraisal probative force.

{¶ 5} On appeal, the BOE advances three propositions of law:

1. Algoma's appraiser valued the subject property as encumbered by private, voluntary deed restrictions in violation of *Muirfield*.

2. The second BTA decision is not supported by the record.

3. Algoma did not affirmatively negate the auditor's original valuation.

## ANALYSIS

{¶ 6} The BTA valued the property at issue by adopting an appraisal valuation offered on behalf of the property owner. The BOE challenges the propriety of relying on that appraisal, but R.C. 5717.04 requires us to affirm the BTA's decision if it is reasonable and lawful, and it is well settled that the BTA, as the finder of fact, possesses wide discretion in determining the weight to be

accorded to appraisal evidence, *EOP-BP Tower, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 106 Ohio St.3d 1, 2005-Ohio-3096, 829 N.E.2d 686, ¶ 9.

{¶ 7} Our deferential standard of review disposes of the BOE's second proposition of law, which sets forth reasons why the BOE deems Koon's appraisal to be deficient. We leave to the discretion of the BTA the appropriate weight to accord to the appraisal, *id.* at ¶ 14, and we see no evidence of an arbitrary or unconscionable attitude in the BTA's decision, *see Renacci v. Testa*, 148 Ohio St.3d 470, 2016-Ohio-3394, 71 N.E.3d 962, ¶ 32 ("Abuse of discretion connotes an unreasonable, arbitrary, or unconscionable attitude"). The BOE offers no evidence of an abuse of discretion but instead proposes grounds for this court to "reevaluate the evidence considered by the BTA"; because we do not sit as "a super BTA or a trier of fact de novo," we decline to second-guess the finding of fact made below. *EOP-BP Tower* at ¶ 17.

{¶ 8} Under its first proposition of law, the BOE argues that Koon's appraisal is not, as a matter of law, competent or probative because it does not value the property as if unencumbered by the deed restrictions. The authority the BOE cited for this proposition is *Muirfield*, 73 Ohio St.3d 710, 654 N.E.2d 110.

{¶ 9} In *Muirfield*, we addressed the valuation of a recreational parcel that had been part of a residential development. The parcel was owned by the homeowners' association—made up of all homeowners in the development as members by virtue of their ownership of their own realty—and the recreational parcel was subject to rights of those homeowners embodied in deed restrictions. The county auditor determined a substantial value for the property, and the homeowners' association complained, asserting that the property was essentially unsaleable and therefore had negligible value. The association supported that point of view with an appraisal prepared by its expert. The BTA agreed, but we reversed and remanded the case to the BTA. We held that in valuing the parcel, the homeowners' easement and contractual rights should be disregarded. We specified

that upon remand, the BTA should value the property as an unencumbered fee-simple estate. *Id.* at 712.

{¶ 10} This case factually differs from *Muirfield*. In *Muirfield*, the parcel was owned by the homeowners' association and was entirely subject to the association's agreement and easement. The property at issue here, in contrast, is only about half encumbered. That means fully developable land remains part of the parcel along with the portion subject to easements, and Koon appraised the property accordingly.

{¶ 11} Contrasting Koon's statement of the property's highest and best use with that of the owner's appraiser in *Muirfield* makes the point. In *Muirfield*, the owner's appraiser stated the highest and best use in terms of the "only purpose of the common areas [being] to provide aesthetic and recreational benefits to the development's private property owners." In this case, appraiser Koon determined the highest and best use to be "holding for future development of the site for single family residential use."

{¶ 12} The difference is reflected in Koon's value opinion. Koon did not assign a purely nominal value to the parcel on the theory that it was unsaleable, as the owner's appraiser in *Muirfield* did. Instead, Koon assigned a substantial value of $26,000 per acre based on a study of six comparable sales. Moreover, Koon's valuation did not fall into the low part of the range of his six comparables. In fact, Koon's opinion of value for the subject property lies just below the median of the six comparables.

{¶ 13} For the foregoing reasons, we reject the assertion that *Muirfield* imposed a legal bar on the BTA's consideration of and reliance upon Koon's appraisal.

{¶ 14} Additionally, the BOE's citation of *Dublin City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 139 Ohio St.3d 212, 2014-Ohio-1940, 11 N.E.3d 222, is unavailing. That case involved valuations of condominiums, and the

owner's appraisal violated a statute by valuing the individual units together as an economic unit in terms of their investment value rather than as individually saleable units. We see no analogy to this case.

{¶ 15} Under its second proposition of law, the BOE states an objection that is relevant here: that Koon's appraisal report does not specifically quantify the amount of downward "site utility" adjustment that related to the encumbrances. A review of the appraisal as a whole, however, raises the inference that the adjustment was small, especially in light of the value of Koon's determination vis-à-vis the values of his six comparables.

{¶ 16} Finally, the BOE's third proposition of law, which contends that Koon's appraisal does not negate the auditor's value, is a moot point in light of our holding that the BTA reasonably and lawfully relied upon that appraisal as constituting a proper determination of the property's value.

## CONCLUSION

{¶ 17} Because the BTA acted reasonably and lawfully when it relied on Koon's appraisal, we affirm the decision of the BTA.

Decision affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

_____

Rich & Gillis Law Group, L.L.C., Mark H. Gillis, and Kelley A. Gorry, for appellant.

Thompson Hine, L.L.P., and Thomas Wyatt Palmer, for appellee Algoma Group.

_____