[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Worthington City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision,* Slip Opinion No. 2018-Ohio-2909.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-2909

WORTHINGTON CITY SCHOOLS BOARD OF EDUCATION, APPELLEE, *v.*

FRANKLIN COUNTY BOARD OF REVISION ET AL., APPELLEES; THE KROGER

COMPANY, APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Worthington City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision,* Slip Opinion No. 2018-Ohio-2909.]

*Taxation—Real-property valuation—R.C. 5713.03—Real property must be valued based on "the true value of the fee simple estate, as if unencumbered"— Appraisal presented by property's owner complied with R.C. 5713.03— Decision of Board of Tax Appeals reversed.*

(No. 2017-0003—Submitted February 14, 2018—Decided July 25, 2018.)

APPEAL from the Board of Tax Appeals, No. 2016-414.

_____

FRENCH, J.

{¶ 1} This property-tax appeal involves the tax-year-2014 valuation of a parcel of land with a supermarket owned by appellant, the Kroger Company. The

supermarket sits on an unusually small parcel of real property compared to parcels owned by similar retail establishments. Kroger does not have a parking lot on its parcel, but it does have the benefit of a parking easement that allows its patrons to park on adjacent property. The ultimate question is how to value the parcel Kroger owns. And the answer to that question hinges on how we understand an adjustment to the property's valuation made by Kroger's appraiser.

**{¶ 2}** The Franklin County Board of Revision ("BOR") reached a tax-year-2014 valuation of $2,390,000 by relying on Kroger's appraiser's valuation, which was primarily based on using the sale prices of comparable retail properties and then making adjustments to reflect the unique characteristics of the smaller Kroger property.

**{¶ 3}** The Board of Tax Appeals ("BTA") reversed the decision of the BOR and determined the true value of the property to be $3,950,000. The BTA concluded that Kroger's appraiser's adjustment to account for the parking situation improperly removed the benefit of the parking easement from the value of Kroger's parcel.

**{¶ 4}** We hold that the BTA erred and that Kroger's appraiser's valuation conforms to R.C. 5713.03, which requires a determination of "the true value of the fee simple estate, as if unencumbered." We reverse the BTA's decision and reinstate the BOR's tax-year-2014 valuation.

**COURSE OF PROCEEDINGS AND APPRAISAL EVIDENCE**

**{¶ 5}** Kroger's property is located adjacent to the Shops at Worthington Place, a shopping mall in northern Franklin County. For tax year 2014, a triennial update year in Franklin County, the Franklin County auditor assigned a value of $3,000,000 to the subject property, which is a 1.699-acre site improved with a 56,154-square-foot store building. Kroger filed a complaint seeking a tax-year-2014 valuation of $2,000,000. Appellee Worthington City Schools Board of

Education ("BOE") filed a countercomplaint seeking to retain the auditor's valuation.

{¶ 6} The BOR convened a hearing on February 8, 2016, and both sides presented appraisal reports along with testimony of the appraisers.

### Hannah's appraisal

{¶ 7} Kroger presented the testimony and written appraisal of Curtis P. Hannah, a member of the Appraisal Institute. To value Kroger's property, Hannah used two approaches to value: the sales-comparison approach and the income-capitalization approach. His sales-comparison analysis yielded a tentative value of $3,930,780; his income-capitalization analysis yielded a tentative value of $3,995,247. He then adjusted each value to account for the fact that Kroger's parcel did not contain the same amount of land as comparable properties. This adjustment is the main subject of controversy in this appeal.

{¶ 8} For his land valuation, Hannah examined recent sales of five comparable properties with retail stores and parking on the store's own property. The values of those properties ranged from $270,291 per acre to $414,938 per acre. Based on comparable use, Hannah determined the value of Kroger's land to be $380,000 per acre.

{¶ 9} Hannah then determined that Kroger's parcel was 4.102 acres smaller than the average site for a retail property of its size. To adjust for this difference in land size, Hannah multiplied his per-acre valuation of $380,000 by the 4.102 acres that Kroger lacked to arrive at a rounded discount of $1,560,000. Hannah then made that adjustment to his tentative valuations to arrive at a comparable-sales value of $2,370,000 and an income-capitalization value of $2,440,000. Hannah gave primary weight to the sales-comparison approach for a final reconciled valuation of $2,390,000 as of January 1, 2014.

### *Koon's appraisal*

{¶ 10} After cross-examining Hannah, the BOE presented the report and testimony of Samuel D. Koon, also a member of the Appraisal Institute. Koon characterized his appraisal report as an "abbreviated report" that did not include underlying data that remained in his files. Because Kroger had not provided certain specific information he had requested and had not afforded him a formal site visit, Koon made his report expressly contingent on the "extraordinary assumption" that the property was in similar physical condition as of the tax-lien date as it was at the time of a visit he made to view the exterior of the property in December 2015.

{¶ 11} Koon performed a sales-comparison analysis that generated a tentative value of $4,900,000 and an income analysis that generated a tentative value of $5,000,000. He viewed those tentative values as establishing a range and did not state a specific value figure.

### *The BOR's decision*

{¶ 12} The BOR gave "all weight" to Hannah's appraisal "because he had complete access to the subject property" and adopted Hannah's opinion of value for 2014: $2,390,000.

### *The BTA's decision*

{¶ 13} The BOE appealed to the BTA, which considered the case on the BOR record and on the parties' briefs. The BTA discussed the competing appraisals and found that overall, "Hannah's analysis provides more reliable evidence of the subject's true value than that performed by Koon." BTA No. 2016-414, 2016 Ohio Tax LEXIS 2708, *11 (Dec. 5, 2016). The BTA found that Hannah "gave more thorough details about the comparable properties used in both his sales comparison and income approaches to value" while also supplying "more specific discussion about the adjustments made to those properties and how the differences affected the properties' values." *Id*. at *11-12.

**{¶ 14}** But the BTA rejected Hannah's $1,560,000 adjustment as improperly removing the benefit of the parking easement from the value of Kroger's parcel. The BTA acknowledged that in some circumstances, "the effect of a voluntary encumbrance, such as a private easement, should not be considered in the valuation of a property." *Id*. at \*8, citing *Muirfield Assn., Inc. v. Franklin Cty. Bd. of Revision*, 73 Ohio St.3d 710, 654 N.E.2d 110 (1995). But it held that that precept did not apply here, because "[t]he directive to avoid the effects of an easement does not \* \* \* apply to the dominant parcel." *Id*. The BTA concluded that "Hannah's deduction for the lack of parking on the subject property was improper." *Id*. at \*7-8.

**{¶ 15}** The BTA then added that "[e]ven if the benefit of an easement may be excluded from the value of the dominant parcel," Hannah's deduction was not allowable because it was in the nature of a "blanket deduction for a cost to cure" that the caselaw had rejected. *Id*. at \*9-10.

**{¶ 16}** Based on these two alternative rationales, the BTA rejected Hannah's adjustment to account for the parking situation. But because it found that Hannah's appraisal generally was more reliable than Koon's appraisal, the BTA adopted Hannah's reconciliation value—$3,950,000—as the property's true value without incorporating Hannah's $1,560,000 adjustment. Kroger appeals.

## ANALYSIS

### *The BTA erred by treating Hannah's adjustment as the removal of the effect of the easement*

**{¶ 17}** The statutory framework under which the property is to be valued is set forth in R.C. 5713.03:

> The county auditor, from the best sources of information available, shall determine, as nearly as practicable, *the true value of the fee simple estate*, *as if unencumbered* but subject to any effects

from the exercise of police powers or from other governmental actions, of each separate tract, lot, or parcel of real property * * *.

(Emphasis added.)

{¶ 18} Kroger's first proposition of law contends that the BTA "erred by incorrectly treating Mr. Hannah's land-to-building ratio adjustment as an attempt to remove an interest in land from taxation." We agree with Kroger. Our review of the record demonstrates that Hannah made an adjustment to account for differences in parcel size between Kroger's property and the comparable properties. In other words, Hannah did exactly what R.C. 5713.03 requires: he valued the fee simple estate.

{¶ 19} The other retail properties Hannah used in his sales-comparison approach had more acreage than Kroger's property. That difference in total acreage is the basis for the discount Hannah applied to Kroger's property. Hannah simply subtracted the value of the extra land owned by most of the comparables to arrive at a value for Kroger's property. That is, he appraised the property that Kroger actually owned. He was not, as the BTA concluded, subtracting the value of Kroger's parking easement.

{¶ 20} To determine "the true value of the fee simple estate," R.C. 5713.03, Hannah had to account for the Kroger store's layout and the fact that Kroger's parcel did not contain the same amount of land as the comparable properties. So Hannah calculated that Kroger's parcel was 4.102 acres smaller than the average site that contained a comparable retail store of its size. He separately determined the value of bare land in the Kroger location—$380,000 per acre—and multiplied that figure by the 4.102 acres that Kroger lacked to arrive at a rounded discount of $1,560,000. That discount related not to the value of access to parking but rather to the extraordinarily small lot size of Kroger's property in comparison to other like

6

properties that had sold on the open market. This approach was completely consistent with the requirements of R.C. 5713.03.

{¶ 21} The record does not support the BTA's treatment of the parking easement in terms of a voluntary encumbrance that Hannah improperly deducted from the property's value under R.C. 5713.03. If Hannah's adjustment is considered to be a deduction to account for an encumbrance on Kroger's property, then Kroger's property would have been valued as if it had no benefit of the parking easement, i.e., as if it had no available parking. That is not the approach taken by Hannah here. Hannah testified that he "did not value the subject parcel as if it's negatively influenced, as if it does not have access to parking." Rather, he evaluated Kroger's 1.699-acre site as a 5.8-acre parcel and "evaluat[ed] the site as a whole as if it included the associated parking area." Hannah valued the parcel in accordance with the statutory scheme—that is, he determined the true value of the fee simple estate. And in accordance with the statute, he made the adjustment because Kroger did not own the parking-lot property in fee simple.

### *The BTA erred by analyzing Hannah's adjustment as a "cost-to-cure" deduction*

{¶ 22} We also find that the BTA erred in concluding that Hannah's adjustment is unlawful because it "is similar to a blanket deduction for a cost to cure that is made separate from the other adjustments in the sales comparison approach and after capitalization of [net operating income] in the income approach," 2016 Ohio Tax LEXIS 2708 at *10. That reasoning was wrong because Hannah's adjustment does not reflect any attempt to determine a cost to cure the lack of parking on the Kroger parcel. Instead, as we explained above, Hannah's adjustment was made because Kroger did not own the parking lot. The cost-to-cure cases the BTA cited have no relevance.

***Kroger's remaining propositions of law***

{¶ 23} In its second proposition of law, Kroger argues in the alternative that Hannah's adjustment was proper because the parking easement is an encumbrance on its parcel and therefore should not be considered under R.C. 5713.03, which requires a determination of the "true value of the fee simple estate, as if unencumbered." We decline to address that issue in light of our reversal of the BTA's decision on Kroger's first proposition of law and our conclusion that Hannah's adjustment did not constitute the removal of the benefit of the parking easement from the value of Kroger's parcel.

{¶ 24} Finally, Kroger argues in its third proposition of law that the BTA's decision violates Article XII, Section 2 of the Ohio Constitution, which requires that "[l]and and improvements thereon shall be taxed by uniform rule according to value." Because we agree with Kroger that the BTA erred, our ruling moots Kroger's constitutional challenge.

## CONCLUSION

{¶ 25} For the foregoing reasons, we reverse the decision of the BTA and reinstate the BOR's valuation of the property.

Decision reversed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FISCHER, DEWINE, and DEGENARO, JJ., concur.

_____

Rich & Gillis Law Group, L.L.C., Mark H. Gillis, and Karol C. Fox, for appellee Worthington City Schools Board of Education.

Vorys, Sater, Seymour & Pease, L.L.P., Nicholas M.J. Ray, Steven L. Smiseck, and Lauren M. Johnson, for appellant.

_____