[Cite as *Plain Local Schools Bd. of Edn. v. Stark Cty. Bd. of Revision*, 2019-Ohio-1746.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| PLAIN LOCAL SCHOOLS BOARD OF EDUCATION, et al. | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Appellees | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case No. 2018CA00125 |
| | : | |
| STARK COUNTY BOARD OF REVISION, et al. | : | |
| | : | |
| | : | |
| Appellants | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Ohio Board of Tax
                             Appeals, Case No. 2016-2059


JUDGMENT:                    AFFIRMED


DATE OF JUDGMENT ENTRY:      May 6, 2019


APPEARANCES:

For Appellants:                      For Appellees:

WAYNE E. PETKOVIC                    ROBERT M. MORROW
840 Brittany Dr.                     Two Miranova Place, Suite 220
Delaware, OH 43015                   Columbus, OH 43215

                                     MARY JO SHANNON SLICK
                                     6057 Strip Ave. NW
                                     North Canton, OH 44720

*Delaney, P.J.*

{¶1} Appellant Canton OH Senior Property, LLC appeals the July 31, 2018 Decision and Order of the Ohio Board of Tax Appeals.

## FACTS AND PROCEDURAL HISTORY

{¶2} On February 17, 2015, Appellant Canton OH Senior Property, LLC ("Canton Senior") entered into a purchase agreement with Wegman Family (Canton) LLC VI for the purchase of a 76-unit senior assisted living facility ("subject property"). Canton Senior purchased both the business activities and the real estate from Wegman. The Real Property Conveyance Fee Statement of Value and Receipt showed the total consideration paid by Canton Senior for the subject property was $13,750,000 (Line 7d). Line 7e of the Conveyance Fee Statement indicated $2,450,000 was the "Portion, if any, of total consideration paid for items other than real property." Line 7f of the Conveyance Fee Statement indicated $11,300,000 was "Consideration for real property on which fee is to be paid (7d minus 7e)". The Limited Warranty Deed identified the parties to the transaction and showed a conveyance fee tax of $11,300 was paid at the time of recording.

{¶3} For the 2015 tax year, the Stark County Auditor valued the subject property at $3,583,400. On March 28, 2016, Appellee Plain Local Schools Board of Education filed a complaint against the valuation of real property with the Stark County Board of Revisions. In its complaint, Plain Local argued for an increase in taxable value of the subject property to $11,300,000 based on the recent sale of the subject property. Canton Senior filed a counter-complaint requesting a taxable value of $5,500,000, indicating the February 17, 2015 sale included non-realty items.

{¶4} The Stark County Board of Revisions conducted a hearing on September 20, 2016. At the hearing, Plain Local presented the Conveyance Fee Statement and the Limited Warranty Deed memorializing the February 2015 transfer of the subject property. Plain Local contended the best evidence of the true value were the figures reflected in the Conveyance Fee Statement and the Limited Warranty Deed. During the hearing, Canton Senior could not identify who signed the Conveyance Fee Statement on behalf of Canton Senior. Canton Senior argued the sale of the subject property was of the entire on-going business enterprise. It presented the appraisal report and testimony of Samuel D. Koon, a member of the Appraisal Institute, who opined the value for the land and building was $5,530,000 as of January 1, 2015. While it was agreed the best use of the subject property was an assisted living facility, Koon utilized current legal standards for appraisal of nursing home facilities and appraised the subject property as if it were a conventional apartment building. During cross-examination, Koon testified he did not personally review any documents in regard to the sale transaction, such as the purchase agreement, to verify the source of his valuation of the subject property. Koon did not speak to any person involved in the sale of the subject property to formulate his valuation. Canton Senior obtained a mortgage on the subject property but Koon did not obtain a lender's appraisal of the subject property.

{¶5} Also submitted to the Board of Revision was an appraisal conducted by Gary Ziegler, Jr., which recommended a valuation of the subject property at $11,300,000.

{¶6} The Board of Revision issued its decision on September 23, 2016 and valued the subject property in accordance with Koon's appraisal in the amount of $5,530,000.

{¶7}   Plain Local appealed the decision and order of the Board of Revision to the Board of Tax Appeals. In preparation for its appeal, Plain Local conducted discovery. In response to Plain Local's discovery request, Canton Senior stated the Conveyance Fee Statement was signed by Philip Anderson of ROC Senior Housing Holdings, LLC. ROC Senior Housing Holdings, LLC is the managing entity for Canton Senior. Canton Senior would not disclose the Purchase Agreement due to confidentiality agreements. It did provide the Settlement Statement that showed Canton Senior obtained a mortgage on the subject property for $9,200,000.

{¶8}   At the Board of Tax Appeals hearing, Plain Local again argued the valuation of the subject property should be in accordance with the amount allocated to real estate on the Conveyance Fee Statement in the amount of $11,300,000. In support of its argument, it presented Canton Senior's discovery responses. Canton Senior submitted the Koon appraisal.

{¶9}   On July 31, 2018, The Board of Tax Appeals issued its Decision and Order. It found that Canton Senior failed to meet its burden to show the amount of the arm's-length sale as to the realty was not the best evidence of the value of the subject property. The Board of Tax Appeals considered Koon's appraisal and determined it was insufficient to show the amount allocated to real property in the Conveyance Fee Statement did not reflect the true value of the subject property. It determined the allocated sale price best reflected the true value of the subject property as of January 1, 2015, at $11,300,000.

{¶10} It is from this Decision and Order Canton Senior now appeals.

**ASSIGNMENTS OF ERROR**

{¶11} Canton Senior Property raises four Assignments of Error:

{¶12} "I. WHEN MAKING A DETERMINATION OF THE FAIR MARKET VALUE OF REAL ESTATE WHICH HAS BEEN THE SUBJECT OF A TRANSFER OF REALTY, PERSONALTY AND INTANGIBLES, THE BOARD OF TAX APPEALS MUST SEPARATE THE VALUE OF THE REALTY FROM NONREALITY [SIC] ITEMS TRANSFERRED.

{¶13} "II. THE BOARD OF TAX APPEALS HAS A DUTY TO INDEPENDENTLY WEIGH ALL THE EVIDENCE BEFORE IT AND HAS THE DUTY TO EVALUATE ALL THE EVIDENCE BEFORE IT. IT IS ERROR FOR THE BOARD OF TAX APPEALS TO FAIL TO WEIGH THE SIGNIFICANCE OF THE EVIDENCE BEFORE IT.

{¶14} "III. SECTION 5713.03 DOES NOT MANDATE THAT COMPETENT AND PROBATIVE APPRAISAL EVIDENCE IS NOT TO BE CONSIDERED WITH REGARD TO A SALE OF REAL PROPERTY WHEN THE RECORD CLEARLY SHOWS, AND THE BOARD OF REVISION FINDS, THAT THE "PRICE" OF THE ASSETS TRANSFERRED INCLUDED NOT ONLY REAL PROPERTY BUT PERSONALTY AND INTANGIBLES.

{¶15} "IV. THE BOARD OF TAX APPEALS COMMITS LEGAL ERROR WHEN IT IGNORES AN APPRAISAL THAT QUANTIFIES THE REALTY AND NONREALITY [SIC] COMPONENTS OF A TRANSFER OF A GOING CONCERN. THE BOARD OF TAX APPEALS MUST MAKE A PROPER ALLOCATION OF THE REALTY AND NONREALITY [SIC] COMPONENTS."

## ANALYSIS

### Standard of Review

{¶16} Pursuant to R.C. 5717.04, an appellate court reviews a Board of Tax Appeals decision to determine whether it is "reasonable and lawful." *Dublin City Schools Bd. of Education v. Franklin Cty. Bd. of Revision*, 10th Dist. Franklin No. 17AP-692, 2018-Ohio-4621, 2018 WL 6012534, ¶ 18 citing *NWD 300 Spring, L.L.C. v. Franklin Cty. Bd. of Revision*, 151 Ohio St.3d 193, 2017-Ohio-7579, 87 N.E.3d 199, ¶ 13. "[I]f it is both, we must affirm." *Id.*

{¶17} Appellate review of Board of Tax Appeals decisions "is guided by the premise that '[t]he fair market value of property for tax purposes is a question of fact, the determination of which is primarily within the province of the taxing authorities.' " (Other citation omitted.) *Id.*, quoting *EOP-BP Tower, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 106 Ohio St.3d 1, 2005-Ohio-3096, 829 N.E.2d 686, ¶ 17. The Board of Tax Appeals' factual findings are entitled to deference as long as they are supported by reliable and probative evidence in the record. *Bd. of Edn. of the Westerville City Schools v. Franklin Cty Bd. of Revision*, 146 Ohio St.3d 412, 2016-Ohio-1506, 57 N.E.3d 1126, ¶ 26.

{¶18} Furthermore, "[t]he standard for reviewing the BTA's determination of the credibility of witnesses and the weight to be given their testimony is abuse of discretion." *NWD 300 Spring* at ¶ 14. " 'Abuse of discretion connotes an unreasonable, arbitrary, or unconscionable attitude.' " *Olentangy Local Schools Bd. of Edn. v. Delaware Cty. Bd. of Revision*, 153 Ohio St.3d 241, 2017-Ohio-8385, 104 N.E.3d 736, ¶ 7, quoting *Renacci v. Testa, Tax Commr.*, 148 Ohio St.3d 470, 2016-Ohio-3394, 71 N.E.3d 962, ¶ 32.

**I., II., III., and IV.**

{¶19} For ease of discussion, we consider Canton Senior's four Assignments of Error together because they are interrelated. The thrust of Canton Senior's appellate argument is that the Board of Tax Appeals improperly weighed the evidence to determine the value of the subject property. The evidence before the Board of Tax Appeals was the Conveyance Fee Statement, Limited Warranty Deed, Koon appraisal, and Koon's testimony as to his appraisal. Canton Senior contends the Board of Tax Appeals failed to consider the Koon appraisal and relied only on the Conveyance Fee Statement. The Koon appraisal, Canton Senior argues, properly separated and valued the realty and non-realty.

{¶20} To properly evaluate the parties' arguments, we first consider the applicable burdens of proof. Plain Local, as the proponent of using a reported sale price to value real property, makes a prima facie case when it submits basic documentation of the sale -- the conveyance fee and deed. *Buckeye Terminals, L.L.C. v. Franklin Cty. Bd. of Revision*, 152 Ohio St.3d 86, 2017-Ohio-7664, 93 N.E.3d 914, ¶ 20 citing *FirstCal Indus. 2 Acquisitions, L.L.C. v. Franklin Cty. Bd. of Revision*, 125 Ohio St.3d 485, 2010-Ohio-1921, 929 N.E.2d 426, ¶ 23-24. The conveyance fee statement and deed create a rebuttable presumption that the sale met the requirements that characterize true value. *Id.* at ¶ 20 citing *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision*, 78 Ohio St.3d 325, 327, 677 N.E.2d 1197 (1997).

{¶21} Because Canton Senior opposes the values stated in the 2015 Conveyance Fee Statement, it bears the burden to demonstrate that the reported value of realty does not properly reflect the true value of the subject property. *Id.* at ¶ 21. Under amended R.C. 5713.03, the price of the sale is not "conclusive evidence" of the subject property's value.

*Spirit Master Funding IX, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 155 Ohio St.3d 254, 2018-Ohio-4302, -- N.E.3d --, ¶ 6 citing *Terraza 8, L.L.C. v. Franklin Cty. Bd. of Revision*, 150 Ohio St.3d 527, 2017-Ohio-4415, 83 N.E.3d 916. The price of the sale only "presumptively represents the value of the unencumbered fee-simple estate." *Id.* citing *Bronx Park S. III Lancaster, L.L.C. v. Fairfield Cty. Bd. of Revision*, 153 Ohio St.3d 550, 2018-Ohio-1589, 108 N.E.3d 1079. The Board of Tax Appeals must "consider not just the sale price but also any other evidence the parties present that is relevant to the value of the unencumbered fee-simple estate." *Id.* This includes appraisal evidence.

### Koon Appraisal Report

{¶22} The record in this case does not support Canton Senior's argument that the Board of Tax Appeals rejected the Koon appraisal of the subject property. The record shows the Board of Tax Appeals considered the Koon appraisal and determined the appraisal did not outweigh the evidence of the realty value stated in the Conveyance Fee Statement. We defer to the Board of Tax Appeals' factual findings "if they are supported by reliable and probative evidence, and we afford deference to the BTA's determination of the credibility of witnesses and its weighing of the evidence subject only to an abuse-of-discretion review on appeal." *Seaton Corp. v. Testa*, 2018-Ohio-4911, -- N.E.3d --, 2018 WL 6628481, ¶ 7 quoting *HealthSouth Corp. v. Testa*, 132 Ohio St.3d 55, 2012-Ohio-1871, 969 N.E.2d 232, ¶ 10.

{¶23} The Koon appraisal report contained an explanation of the sale, including that $900,000 of the purchase price was allocated to personal property and $5,850,000 was allocated to business value. Koon opined a value for the land and building of $5,530,000 as of January 1, 2015. On direct examination during the Board of Revision

hearing, Koon testified he reviewed documents to determine the value of the realty and non-realty. On cross examination, Koon was asked what documents he reviewed to determine the value of the realty and non-realty. Koon testified he did not review any documents in regards to the sale of the subject property nor did he speak to anyone involved in the sale of the subject property. He stated the information may have been provided to him directly from Canton Senior. The Board of Tax Appeals found the information in the Koon appraisal report was insufficient to establish the correct value. It stated in its Decision and Order, "[s]uch statements, to the extent relied on by the owner to support an allocation different than that reported on the conveyance fee statement, are clearly hearsay and cannot serve as a basis for this board to disregard the reported allocation to real property." (Decision and Order, July 31, 2018).

### Separation of Realty and Non-Realty Items

{¶24} Canton Senior contends the Board of Tax Appeals failed to separate the value of realty from the non-realty items involved in the transfer. The case law clearly establishes that a sale of a congregate-care facility is a sale of the facility's real-estate and business activities. *Arbors E. RE, L.L.C. v. Franklin Cty. Bd. of Revision*, 153 Ohio St.3d 41, 2018-Ohio-1611, 100 N.E.3d 379, 2018 WL 1960265, ¶ 19 citing *Dublin Senior Community Ltd. Partnership v. Franklin Cty. Bd. of Revision*, 80 Ohio St.3d 455, 460, 687 N.E.2d 426 (1997). Such facilities charge residents for providing care and services, which is a general business activity, and charge rent, which is a real-estate activity. *Id.* "In a valuation of only the real estate, the two activities must be kept separate." *Id.*; *accord Health Care REIT, Inc. v. Cuyahoga Cty. Bd. of Revision*, 140 Ohio St.3d 30, 2014-Ohio-

2574, 14 N.E.3d 1009, ¶ 41–42 (lead opinion); *LTC Properties, Inc. v. Licking Cty. Bd. of Revision*, 133 Ohio St.3d 111, 2012-Ohio-3930, 976 N.E.2d 852, ¶ 21.

{¶25} The Board of Tax Appeals considered the evidence before it to determine the value of the subject property. As stated above, the Board of Tax Appeals did not abuse its discretion to find the Koon appraisal was insufficient to demonstrate the value of the realty and non-realty items. The remaining evidence before the Board of Tax Appeals was the Conveyance Fee Statement and the Limited Warranty Deed. Canton Senior did not provide any documentation of the sale, such as the purchase agreement, detailing any allocation to real property.

{¶26} At the Board of Revision hearing, it was unknown who signed the Conveyance Fee Statement that allocated $2,450,000 to non-realty items and $11,300,000 to real property. Through discovery, it was determined that an employee affiliated with Canton Senior signed the Conveyance Fee Statement on Canton Senior's behalf. The Board of Tax Appeals noted that such evidence was not before the Board of Revision and therefore the Board of Revision did not discuss the recent arm's-length sale of the subject property. The evidence that a Canton Senior employee signed the Conveyance Fee Statement supports the factual finding of the Board of Tax Appeals that the amount allocated to real property on the Conveyance Fee Statement reflected the true value of the subject property.

{¶27} The Board of Tax Appeals considered the separation of realty and non-realty items and found that some allocation of real property was made on the Conveyance Fee Statement. (Decision and Order, July 31, 2018). The evidence demonstrated the Conveyance Fee Statement was signed by a representative of Canton Senior.

{¶28} The Board of Tax Appeals concluded that Canton Senior's evidence was insufficient to meet its burden to demonstrate the allocation of $11,300,000 to real property on the Conveyance Fee Statement was not reflective of the property's true value. In makings its decision, the Board of Tax Appeals considered the Koon appraisal and the separate values for realty and non-realty items. Accordingly, because the Board of Tax Appeals properly analyzed the evidence and issues before it, we find the decision is reasonable and lawful.

{¶29} Canton Senior's four Assignments of Error are overruled.

**CONCLUSION**

{¶30} The Decision and Order of the Board of Tax Appeals is affirmed.

By: Delaney, P.J.,

Baldwin, J. and

Wise, Earle, J., concur.